POOR QUALITY ORIGINAL



MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Case:4:17-cv-10637
Judge: Parker, Linda V.
MJ: Grand, David R.
Filed: 02-28-2017 At 04:38 PM
CMP WILLIAMS V. VAN CAMP ET AL (NA)

_(to be filled in by the Clerk's Office)_

OTIS WILLIAMS III

_(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)_

Jury Trial:  ☒ Yes  ☐ No
_(check one)_

v.     "SEE ATTACHED"

_(Write the full name of each defendant who is being sued.  If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)_

## Complaint for a Civil Case

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

_Eastern_ District of _Michigan_

_____ Division

| | |
|---|---|
| Otis Williams III<br><br>"See Attached"<br><br>_____<br>Plaintiff(s)<br>_(Write the full name of each plaintiff who is filing this complaint._<br>_If the names of all the plaintiffs cannot fit in the space above,_<br>_please write "see attached" in the space and attach an additional_<br>_page with the full list of names.)_<br><br>-v-<br><br>" See Attached "<br><br>_____<br>Defendant(s)<br>_(Write the full name of each defendant who is being sued. If the_<br>_names of all the defendants cannot fit in the space above, please_<br>_write "see attached" in the space and attach an additional page_<br>_with the full list of names.)_ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____<br><br>_(to be filled in by the Clerk's Office)_<br><br>Jury Trial: _(check one)_  ☒ Yes  ☐ No |

## COMPLAINT FOR A CIVIL CASE

I.    **The Parties to This Complaint**

   A.    **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

|  |  |
|---|---|
| Name | Otis Williams |
| Street Address | 611 O Keefe Ave |
| City and County | New Orleans |
| State and Zip Code | Louisiana |
| Telephone Number | |
| E-mail Address | |

   B.    **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title _(if known)_. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

Name     South West Housing Solutions / JOHN VAN CAMP

Job or Title *(if known)*     CEO

Street Address     1920 25th Street

City and County     Detroit, Wayne County

State and Zip Code     Michigan 48216

Telephone Number     313 841 3727

E-mail Address *(if known)*

Defendant No. 2

Name     Southwest Housing Solutions / Timothy Thorland

Job or Title *(if known)*     Director

Street Address     1600 Porter Street

City and County     Detroit, Wayne County

State and Zip Code     Michigan 48216

Telephone Number     313 - 963 - 6601

E-mail Address *(if known)*

Defendant No. 3

Name     Motor City Property Managers / Richard S. Zeiman

Job or Title *(if known)*     CEO

Street Address     32525 MOUND RD

City and County     Warren, Macomb County

State and Zip Code     Michigan 48092

Telephone Number     586 - 623 - 6900

E-mail Address *(if known)*     Scott@movingthemotorcity.com

Defendant No. 4

Name     MotorCity Property Managers / Richmond

Job or Title *(if known)*     Partner

Street Address     32525 Mound RD

City and County     Warren, Macomb County

State and Zip Code     Michigan 48092

Telephone Number     586 - 633 - 6900

E-mail Address *(if known)*

Defendant No. 5

| | |
|---|---|
| Name | JPMorgan Chase / James Dimon |
| Job or Title *(if known)* | CEO of JP morgan chase |
| Street Address | 270 Park Avenue |
| City and County | New York, New York County |
| State and Zip Code | New York 10005 |
| Telephone Number | |
| E-mail Address *(if known)* | Jamie.dimon@JPmorganchase.com |

Defendant No. 6

| | |
|---|---|
| Name | JP Morgan Chase / Mary Callahan Erdoes |
| Job or Title *(if known)* | |
| Street Address | 270 Park Avenue |
| City and County | New York, New York County |
| State and Zip Code | New York |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 7

| | |
|---|---|
| Name | JPMorgan Chase / DANIEL E. Pinto |
| Job or Title *(if known)* | |
| Street Address | 270 PARK Avenue |
| City and County | New York, New York County |
| State and Zip Code | New York |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 8

| | |
|---|---|
| Name | BenJay, LLC / Vijay Cial |
| Job or Title *(if known)* | Owner |
| Street Address | 49359 Lincolnshire |
| City and County | Canton, WAYNE County |
| State and Zip Code | Michigan 48187 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 9
| | |
|---|---|
| Name | Roundpoint Mortgage Servicing / DAVID WORRALL |
| Job or Title (if known) | CEO |
| Street Address | P.O. Box 19789 |
| City and County | Charlotte |
| State and Zip Code | North Carolina    28217-9409 |
| Telephone Number | 877-426-8805 |
| E-mail Address (if known) | |

Defendant No. 20
| | |
|---|---|
| Name | Roundpoint Mortgage Servicing / Kevin Brungardt |
| Job or Title (if known) | |
| Street Address | P.O. Box 19409 |
| City and County | Charlotte |
| State and Zip Code | North Carolina    28219-9409 |
| Telephone Number | 877-426-8805 |
| E-mail Address (if known) | |

Defendant No. 21
| | |
|---|---|
| Name | Wells Fargo / Timothy J. Sloan |
| Job or Title (if known) | CEO |
| Street Address | 420 Montgomery Street |
| City and County | SAN FRANCISCO, |
| State and Zip Code | California    94104 |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 22
| | |
|---|---|
| Name | Select Portfolio Servicing / TIM O'BRIEN |
| Job or Title (if known) | CEO |
| Street Address | P.O. Box 65277 |
| City and County | Salt Lake City, |
| State and Zip Code | UTAH    84165 |
| Telephone Number | 800 258-8602 |
| E-mail Address (if known) | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 13
Name                          Strategic Global Investings / Dustin Chappel
Job or Title *(if known)*      President
Street Address                2913 Northwestern Hwy.
City and County               Southfield,        Oakland County
State and Zip Code            Michigan           48034
Telephone Number
E-mail Address *(if known)*

Defendant No. 14
Name                          Rubicon Realty Group, LLC / Gerald P. Jacob
Job or Title *(if known)*      CEO
Street Address                3281 Rocky Creek Drive, Ste 100
City and County               Missouri City,
State and Zip Code            Texas              77459
Telephone Number
E-mail Address *(if known)*

Defendant No. 15
Name                          DEAN Grouty / Rubicon Realty Group, LLC
Job or Title *(if known)*      Attorney and Partner for Rubicon Realty Group, LLC
Street Address                100 West Long Lake Rd
City and County               Bloomfield Hills,   Oakland County
State and Zip Code            Michigan           48304
Telephone Number             248-644-5500
E-mail Address *(if known)*

Defendant No. 16
Name                          Deutsche BANK N.A. / JOHN MICHAEL CRYAN
Job or Title *(if known)*      CEO
Street Address                60 Wallstreet
City and County               New York, New York County
State and Zip Code            New York
Telephone Number             917-421-1500
E-mail Address *(if known)*

**Defendant No. 17**

Name _NAJLA Shareef_

Job or Title *(if known)*

Street Address _19150 BERKELEY RD_

City and County _Detroit, WAYNE County_

State and Zip Code _Michigan        48221_

Telephone Number

E-mail Address *(if known)*

**Defendant No. 18**

Name _DAVID BYE_

Job or Title *(if known)*

Street Address _19150 BERKELEY RD_

City and County _Detroit, WAYNE County_

State and Zip Code _Michigan        48221_

Telephone Number

E-mail Address *(if known)*

**Defendant No. 19**

Name _BANK of America N.A. / Brian Moynihan_

Job or Title *(if known)* _CEO_

Street Address _100 North Tyron Street_

City and County _Charlotte,_

State and Zip Code _North Carolina,    28255_

Telephone Number _704-386-5681_

E-mail Address *(if known)*

**Defendant No. 20 .**

Name _Rubicon Realty / Scott Weaver_

Job or Title *(if known)* _CEO_

Street Address _3281 Rocky Creek Dr., Suite 100_

City and County _Missouri City,_

State and Zip Code _Texas        77459_

Telephone Number

E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 21

Name                                Bank of New York Mellon / Gerald Hassell
Job or Title *(if known)*           CEO
Street Address                      225 Liberty Street
City and County                     New York,   New York County
State and Zip Code                  New York
Telephone Number                    212-495-1784
E-mail Address *(if known)*

Defendant No. 22

Name                                Wayne County Treasurer / Eric R. Sabree
Job or Title *(if known)*           CEO
Street Address                      400 Monroe
City and County                     Detroit       Wayne
State and Zip Code                  Michigan           48226
Telephone Number                    313 224-5990
E-mail Address *(if known)*

Defendant No. 23

Name                                Brian G Pepper
Job or Title *(if known)*
Street Address                      21465 Karl Street
City and County                     Detroit     Wayne
State and Zip Code                  Michigan          48219
Telephone Number
E-mail Address *(if known)*

Defendant No. 24

Name                                U.S. Bank N.A. /
Job or Title *(if known)*
Street Address                      800 Nicollet Mall
City and County                     Minneapolis
State and Zip Code                  Minnesota     7014
Telephone Number                    651-466-3000
E-mail Address *(if known)*

II.    **Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal question          ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A.    **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

B.    **If the Basis for Jurisdiction Is Diversity of Citizenship**

1.    The Plaintiff(s)

a.    If the plaintiff is an individual
The plaintiff, *(name)* Otis Williams , is a citizen of the
State of *(name)* Michigan

b.    If the plaintiff is a corporation
The plaintiff, *(name)* Otis Williams Family Trust , is incorporated
under the laws of the State of *(name)* Louisana
and has its principal place of business in the State of *(name)*
Louisana

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual
The defendant, *(name)* John Van Camp , is a citizen of
the State of *(name)* Michigan . Or is a citizen of
*(foreign nation)*

b.    If the defendant is a corporation

The defendant, *(name)* Southwest Housing Solutions is incorporated under

the laws of the State of *(name)* Michigan , and has its

principal place of business in the State of *(name)* Michigan

Or is incorporated under the laws of *(foreign nation)* Michigan ,

and has its principal place of business in *(name)* Michigan

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy 400,000.⁰⁰

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

PLAINTIFF CLAIMS A RIGHT TO REMEDY AGAINST ALL NAMED DEFENDANTS WHICH
TRESPASSED ON HIS TO PROPERTY BY INTERFERING WITH HIS CONTRACT RIGHTS, COMMERCE,
AND CIVIL RIGHTS. PLAINTIFF PROPERTY HAS BEEN STOLEN THRU DEFENDANTS ACTS OF
FRAUD IN FORECLOSURE AND EVICTION OF HIS TENANTS WHILE KNOWING PLAINTIFF HAS
THE TRUE & HIGHEST EQUITABLE & TITLE TO PROPERTY. DATES BEGIN IN 2014 THRU
PRESENT. SEE COMPLAINT FOR DETAILS

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

RELIEF SOUGHT BY PLAINTIFF IS THE QUIETING OF TITLE AGAINST DEFENDANTS
ALLEGED INTEREST.
DAMAGES SOUGHT ARE ACTUAL VALUE OF EACH PROPERTY STOLEN THRU ILLEGAL
FORECLOSURE/EVICTION. ACTUAL DAMAGES ARE ENUMERATED ON THE FOLLOWING PAGES.
PUNITIVE DAMAGES TO BE DETERMINED AT LATER DATE.

Continuation of page 4

4. The Defendant(s)

    a.  If the defendant is an individual
        The Defendant, (Name) __Timothy Thorland__ is a Citizen of
        the State of ___Michigan___. Or is a citizen of
        (foreign nation) _____.

    b.  If the defendant is a corporation
        The Defendant (name) __Southwest Housing Solutions__ is incorporated under
        The laws of the State of (name) __Michigan__, and has its principal
        Place of business in the State of (name) ___Michigan___
        Or is incorporated under the laws of (foreign nation) _____
        And has its principal place of business in (name) __Michigan__

5. The Amount in Controversy $100,000

    The amount in controversy – in the amount the plaintiff claims the defendant owes or the amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):

    Perfected secured interest

Continuation of page 4

6. The Defendant(s)

    c.  If the defendant is an individual
        The Defendant, (Name) __Brian Moynihan__ is a Citizen of
        the State of __New York__. Or is a citizen of
        (foreign nation) _____.

    d.  If the defendant is a corporation
        The Defendant (name) __BANK of America__ is incorporated under
        The laws of the State of (name) __New York__, and has its principal
        Place of business in the State of (name) __New York and Michigan__
        Or is incorporated under the laws of (foreign nation) _____
        And has its principal place of business in (name) _____

7. The Amount in Controversy 78,000

    The amount in controversy – in the amount the plaintiff claims the defendant owes or the amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):

    Perfected Secured Interest

Continuation of page 4

8.     The Defendant(s)

    a.   If the defendant is an individual
       The Defendant, (Name) _James  DIMON_____ is a Citizen of
       the State of ___New York_____. Or is a citizen of
       (foreign nation) _____.

    b.   If the defendant is a corporation
       The Defendant (name) _JP MORGAN CHASE_____ is incorporated under
       The laws of the State of (name) ____NEW YORK_____, and has its principal
       Place of business in the State of (name) _NEWYork  and MICHIGAN_
       Or is incorporated under the laws of (foreign nation) _____
       And has its principal place of business in (name) _____

9.     The Amount in Controversy _120,000_

    The amount in controversy – in the amount the plaintiff claims the defendant owes or the amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):

    Perfected  Secured  Interest

Continuation of page 4

10.     The Defendant(s)

    c.   If the defendant is an individual
       The Defendant, (Name) _MARY CALLAHAN ERDOES_ is Citizen of
       the State of _NEW York_____. Or is a citizen of
       (foreign nation) _____.

    d.   If the defendant is a corporation
       The Defendant (name) _JP MORGAN CHASE_____ is incorporated under
       The laws of the State of (name) _NEW York_____, and has its principal
       Place of business in the State of (name) _NEW York and MICHIGAN_
       Or is incorporated under the laws of (foreign nation) _____
       And has its principal place of business in (name) _____

11.     The Amount in Controversy _120,000_

    The amount in controversy – in the amount the plaintiff claims the defendant owes or the amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):

    Perfected  Secured  Interest

Continuation of page 4

12.     The Defendant(s)

    a.   If the defendant is an individual
       The Defendant, (Name) DANIEL PINTO is a Citizen of
       the State of NEW York. Or is a citizen of
       (foreign nation) _____.

    b.   If the defendant is a corporation
       The Defendant (name) JP MORGAN CHASE is incorporated under
       The laws of the State of (name) NEW York, and has its principal
       Place of business in the State of (name) NEW York & MICHIGAN
       Or is incorporated under the laws of (foreign nation) _____
       And has its principal place of business in (name) _____

13.     The Amount in Controversy $120,000

    The amount in controversy – in the amount the plaintiff claims the defendant owes or the amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):

         Perfected Secured Interest

Continuation of page 4

14.     The Defendant(s)

    c.   If the defendant is an individual
       The Defendant, (Name) Richard S Zeiman is a Citizen of
       the State of Michigan. Or is a citizen of
       (foreign nation) _____

    d.   If the defendant is a corporation
       The Defendant (name) Motor City Property Managers is incorporated under
       The laws of the State of (name) Michigan, and has its principal
       Place of business in the State of (name) Michigan
       Or is incorporated under the laws of (foreign nation) _____
       And has its principal place of business in (name) _____

15.     The Amount in Controversy $100,000

    The amount in controversy – in the amount the plaintiff claims the defendant owes or the amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):

         Perfected Secured Interest

Continuation of page 4

16. The Defendant(s)

    a. If the defendant is an individual
       The Defendant, (Name) __Richmond   INGER__ is a Citizen of
       the State of ___MICHIGAN___. Or is a citizen of
       (foreign nation) _____

    b. If the defendant is a corporation
       The Defendant (name) __Motor City Property Managers__ is incorporated under
       The laws of the State of (name) ___Michigan___, and has its principal
       Place of business in the State of (name) ___Michigan___
       Or is incorporated under the laws of (foreign nation) _____
       And has its principal place of business in (name) _____

17. The Amount in Controversy $100,000

    The amount in controversy – in the amount the plaintiff claims the defendant owes or the amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):

       Perfected Secured Interest

Continuation of page 4

18. The Defendant(s)

    c. If the defendant is an individual
       The Defendant, (Name) __VIJAY  CIAL__ is a Citizen of
       the State of ___Michigan___. Or is a citizen of
       (foreign nation) _____

    d. If the defendant is a corporation
       The Defendant (name) __RENJAY  LLC__ is incorporated under
       The laws of the State of (name) ___MICHIGAN___, and has its principal
       Place of business in the State of (name) __MICHIGAN__
       Or is incorporated under the laws of (foreign nation) _____
       And has its principal place of business in (name) _____

19. The Amount in Controversy $ 120,000

    The amount in controversy – in the amount the plaintiff claims the defendant owes or the amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):

       Perfected Secured Interest

Continuation of page 4

20. The Defendant(s)

    a. If the defendant is an individual
        The Defendant, (Name) _Dustin Chappel_ is a Citizen of
        the State of _Michigan_. Or is a citizen of
        (foreign nation) _____.

    b. If the defendant is a corporation
        The Defendant (name) _Strategic Global Investing LLC_ is incorporated under
        The laws of the State of (name) _Michigan_, and has its principal
        Place of business in the State of (name) _Michigan_
        Or is incorporated under the laws of (foreign nation) _____
        And has its principal place of business in (name) _____

21. The Amount in Controversy #89,000

    The amount in controversy – in the amount the plaintiff claims the defendant owes or the amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):

        _Perfected Secured Interest_

Continuation of page 4

22. The Defendant(s)

    c. If the defendant is an individual
        The Defendant, (Name) _Timothy J. Sloan_ is a Citizen of
        the State of _California_. Or is a citizen of
        (foreign nation) _____.

    d. If the defendant is a corporation
        The Defendant (name) _Wells Fargo_ is incorporated under
        The laws of the State of (name) _California_, and has its principal
        Place of business in the State of (name) _California_
        Or is incorporated under the laws of (foreign nation) _____
        And has its principal place of business in (name) _____

23. The Amount in Controversy #110,000

    The amount in controversy – in the amount the plaintiff claims the defendant owes or the amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):

Continuation of page 4

24.   The Defendant(s)

    a.   If the defendant is an individual
       The Defendant, (Name) _Gerald P. Jacob_ is a Citizen of
       the State of _Texas_. Or is a citizen of
       (foreign nation) _____

    b.   If the defendant is a corporation
       The Defendant (name) _Rubiron Realty Group_ is incorporated under
       The laws of the State of (name) _Texas_, and has its principal
       Place of business in the State of (name) _Texas_
       Or is incorporated under the laws of (foreign nation) _____
       And has its principal place of business in (name) _____

25.   The Amount in Controversy $75,500

    The amount in controversy – in the amount the plaintiff claims the defendant owes or the amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):

    _Perfected   Secured   Interest_


Continuation of page 4

26.   The Defendant(s)

    c.   If the defendant is an individual
       The Defendant, (Name) _John Michael Cryan_ is a Citizen of
       the State of _New York_. Or is a citizen of
       (foreign nation) _____.

    d.   If the defendant is a corporation
       The Defendant (name) _Deutsche Bank_ is incorporated under
       The laws of the State of (name) _New York_, and has its principal
       Place of business in the State of (name) _New York_
       Or is incorporated under the laws of (foreign nation) _____
       And has its principal place of business in (name) _____

27.   The Amount in Controversy $450,000

    The amount in controversy – in the amount the plaintiff claims the defendant owes or the amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):

    _Perfected   Secured   Interest_

Continuation of page 4

28. The Defendant(s)

   a. If the defendant is an individual
     The Defendant, (Name) __DAVID BYE_____ is a Citizen of
     the State of _____MICHIGAN_____. Or is a citizen of
     (foreign nation) _____.

   b. If the defendant is a corporation
     The Defendant (name) _____ is incorporated under
     The laws of the State of (name) _____, and has its principal
     Place of business in the State of (name) _____
     Or is incorporated under the laws of (foreign nation) _____
     And has its principal place of business in (name) _____

29. The Amount in Controversy $450,000

   The amount in controversy – in the amount the plaintiff claims the defendant owes or the amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):

     *Perfected Secured Interest*

Continuation of page 4

30. The Defendant(s)

   c. If the defendant is an individual
     The Defendant, (Name) __NAILA Shareef_____ is a Citizen of
     the State of _____MICHIGAN_____. Or is a citizen of
     (foreign nation) _____.

   d. If the defendant is a corporation
     The Defendant (name) _____ is incorporated under
     The laws of the State of (name) _____, and has its principal
     Place of business in the State of (name) _____
     Or is incorporated under the laws of (foreign nation) _____
     And has its principal place of business in (name) _____

31. The Amount in Controversy $450,000

   The amount in controversy – in the amount the plaintiff claims the defendant owes or the amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):

     *Perfected Secured Interest*

Continuation of page 4

32.   The Defendant(s)

    a.   If the defendant is an individual
      The Defendant, (Name) _____ is a Citizen of
      the State of _____. Or is a citizen of
      (foreign nation) _____.

    b.   If the defendant is a corporation
      The Defendant (name) _____ *U.S. BANK* _____ is incorporated under
      The laws of the State of (name) _____ *OHIO* _____, and has its principal
      Place of business in the State of (name) _____ *OHIO* _____
      Or is incorporated under the laws of (foreign nation) _____
      And has its principal place of business in (name) _____

33.   The Amount in Controversy   *95,050.00*

    The amount in controversy – in the amount the plaintiff claims the defendant owes or the amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):

    *Perfected Secured Interest*


Continuation of page 4

34.   The Defendant(s)

    c.   If the defendant is an individual
      The Defendant, (Name) _____ *TIM O'BRIEN* _____ is a Citizen of
      the State of _____ *UTAH* _____. Or is a citizen of
      (foreign nation) _____

    d.   If the defendant is a corporation
      The Defendant (name) _____ *SELECT PORTFOLIO SERVICING* _____ is incorporated under
      The laws of the State of (name) _____ *UTAH* _____, and has its principal
      Place of business in the State of (name) _____ *UTAH* _____
      Or is incorporated under the laws of (foreign nation) _____
      And has its principal place of business in (name) _____

35.   The Amount in Controversy   *A110.00*

    The amount in controversy – in the amount the plaintiff claims the defendant owes or the amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):

    *Perfected Security Interest*

Continuation of page 4

36. The Defendant(s)

    a. If the defendant is an individual
    The Defendant, (Name) _Dean Grouly_____ is a Citizen of
    the State of _Michigan_____. Or is a citizen of
    (foreign nation) _____.

    b. If the defendant is a corporation
    The Defendant (name) _____ is incorporated under
    The laws of the State of (name) _____, and has its principal
    Place of business in the State of (name) _____
    Or is incorporated under the laws of (foreign nation) _____
    And has its principal place of business in (name) _____

37. The Amount in Controversy  $75,500

    The amount in controversy – in the amount the plaintiff claims the defendant owes or the
amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):
    Perfected Security Interest

Continuation of page 4

38. The Defendant(s)

    c. If the defendant is an individual
    The Defendant, (Name) _Scott Weaver_____ is a Citizen of
    the State of _Texas_____. Or is a citizen of
    (foreign nation) _____.

    d. If the defendant is a corporation
    The Defendant (name) _____ is incorporated under
    The laws of the State of (name) _____, and has its principal
    Place of business in the State of (name) _____
    Or is incorporated under the laws of (foreign nation) _____
    And has its principal place of business in (name) _____

39. The Amount in Controversy  75,500

    The amount in controversy – in the amount the plaintiff claims the defendant owes or the
amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):
    Perfected Security Interest

Continuation of page 4

10. The Defendant(s)

    a. If the defendant is an individual
       The Defendant, (Name) _GERALD Hassell_ is a Citizen of
       the State of _New York_. Or is a citizen of
       (foreign nation) _____.

    b. If the defendant is a corporation
       The Defendant (name) _BANK of New York Mellon_ is incorporated under
       The laws of the State of (name) _New York_, and has its principal
       Place of business in the State of (name) _____
       Or is incorporated under the laws of (foreign nation) _____
       And has its principal place of business in (name) _____

11. The Amount in Controversy _100,000.⁰⁰_

    The amount in controversy – in the amount the plaintiff claims the defendant owes or the amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):

        Perfected Security Interest

Continuation of page 4

12. The Defendant(s)

    c. If the defendant is an individual
       The Defendant, (Name) _Eric R. Sabree_ is a Citizen of
       the State of _Michigan_. Or is a citizen of
       (foreign nation) _____

    d. If the defendant is a corporation
       The Defendant (name) _Wayne County Treasurer_ is incorporated under
       The laws of the State of (name) _Michigan_, and has its principal
       Place of business in the State of (name) _____
       Or is incorporated under the laws of (foreign nation) _____
       And has its principal place of business in (name) _____

13. The Amount in Controversy _75,000.⁰⁰_

    The amount in controversy – in the amount the plaintiff claims the defendant owes or the amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):

        Perfected Security Interest

Continuation of page 4

44. The Defendant(s)

    a. If the defendant is an individual
       The Defendant, (Name) _Kevin Brungardt_____ is a Citizen of
       the State of ___North Carolina_____. Or is a citizen of
       (foreign nation) _____

    b. If the defendant is a corporation
       The Defendant (name) _Round Point Mortgage Servicing Corp._ is incorporated under
       The laws of the State of (name) _North Carolina_____, and has its principal
       Place of business in the State of (name) _Michigan_____
       Or is incorporated under the laws of (foreign nation) _____
       And has its principal place of business in (name) _North Carolina_____

45. The Amount in Controversy _110,000.⁰⁰_

The amount in controversy – in the amount the plaintiff claims the defendant owes or the amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):

                        _Perfected Secured Interest_

 

Continuation of page 4

46. The Defendant(s)

    c. If the defendant is an individual
       The Defendant, (Name) _DAVID Waceall_____ is a Citizen of
       the State of _North Carolina_____. Or is a citizen of
       (foreign nation) _____

    d. If the defendant is a corporation
       The Defendant (name) _Round Point Mortgage Serv._ is incorporated under
       The laws of the State of (name) _North Carolina_____, and has its principal
       Place of business in the State of (name) _Michigan_____
       Or is incorporated under the laws of (foreign nation) _____
       And has its principal place of business in (name) _North Carolina_____

47. The Amount in Controversy _110,000_

The amount in controversy – in the amount the plaintiff claims the defendant owes or the amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):

                        _Perfected Secured Interest_

Continuation of page 4

48.     The Defendant(s)

a.   If the defendant is an individual
     The Defendant, (Name) _Brian G. Pepper_____ is a Citizen of
     the State of _Michigan_____. Or is a citizen of
     (foreign nation) _____.

b.   If the defendant is a corporation
     The Defendant (name) _____ is incorporated under
     The laws of the State of (name) _____, and has its principal
     Place of business in the State of (name) _____
     Or is incorporated under the laws of (foreign nation) _____
     And has its principal place of business in (name) _____

49.     The Amount in Controversy   75,000

        The amount in controversy – in the amount the plaintiff claims the defendant owes or the
amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):
        Perfected  Security  Interest

Continuation of page 4

50.     The Defendant(s)

c.   If the defendant is an individual
     The Defendant, (Name) _____ is a Citizen of
     the State of _____. Or is a citizen of
     (foreign nation) _____.

d.   If the defendant is a corporation
     The Defendant (name) _____ is incorporated under
     The laws of the State of (name) _____, and has its principal
     Place of business in the State of (name) _____
     Or is incorporated under the laws of (foreign nation) _____
     And has its principal place of business in (name) _____

51.     The Amount in Controversy

        The amount in controversy – in the amount the plaintiff claims the defendant owes or the
amount at stake – is more than $75,000, not counting interest and costs of court, because (explain):

**V.** **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.** **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: Jan 10, 2017

Signature of Plaintiff *Otis Williams*

Printed Name of Plaintiff Otis Williams

**B.** **For Attorneys**

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____

United States District Court
EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION
To be placed under the Republic flag of peace

Otis Williams, III,
    *Plaintiff,*

Vs

SHARON BROOKS and Occupants,
TIFFANI DONALD and Occupants,
GREGORY SIMMONS and Occupants,
MIA TATE and Occupants,
ERNEST CORNELIUS and Occupants,
CHRISTOPHER KING and Occupants,
TRAVIS RUTLEDGE and Occupants,
JOSEPH JONES and Occupants,
AUDREY ARTHUR and Occupants
MICHAEL DUSSEAU and Occupants,
LAWSON LOVE and Occupants,
And LOIS HELM
    *THIRD PARTY PLAINTIFFS,*

Vs.

JOHN VAN CAMP, dba, PRESIDENT and CHIEF EXECUTIVE
OFFICER and TIMOTHY THORLAND, EXECUTIVE
DIRECTOR on behalf of SOUTHWEST HOUSING
SOLUTIONS, BRIAN MOYNIHAN, dba, CHAIRMAN
OF THE BOARD and CHIEF EXECUTIVE OFFICER ON
BEHALF OF JAMES DIMON, MARY
CALLAHAN ERDOES and DANIEL E. PINTO, agents on behalf
Of JP MORGAN CHASE & CO., RICHARD S. ZEIMAN AND
RICHMOND INGER on behalf of MOTOR CITY PROPERTY
MANAGERS, LLC, VIJAY CIAL on behalf of RENJAY, LLC,
DUSTIN CHAPPEL dba STRATEGIC GLOBAL INVESTING, LLC,
TIMOTHY J. SLOAN on behalf of WELLS FARGO, GERALD P.
JACOB, DEAN GROUIX and SCOTT W. WEAVER on behalf of RUBICON
REALTY GROUP, JOHN MICHAEL CRYAN on behalf of
DEUTSCHE BANK, N.A., TIM O'BRIEN on behalf of SELECT
PORTFOLIO SERVICING, DAVID WORRALL and KEVIN
BRUNGARDT on behalf of ROUNDPOINT MORTGAGE
SERVICING CORPORATION, RICHARD K. DAVIS on
Behalf of US BANK, GERALD HASSELL on behalf of BANK OF
NEW YORK MELLON, DAVID BYE, BRIAN G. PEPPER,
NAJLA SHAREEF, JOHN DOES 1-100, individuals, and
JOHN DOES 1-100, corporations
    *DEFENDANTS.*

Case No. _____

Senior United State District Judge

MAGISTRATE JUDGE:

To: be placed in the venue and jurisdiction of the American Republic flag of Peace.

NOW COMES Otis Williams III, herein claimant, being first duly sworn accordingly in law being of age to contract and competent to witness, states that the facts contained herein are true, correct, complete, certain and not misleading to the best of Petitioner (s) firsthand Knowledge and belief subject to the Penalties of Perjury Pursuant to the "Laws" of the united States of America Republic, and the state of Michigan Republic. Proper jurisdiction in accordance with Rule 38(a) (b) and (c) of the Federal Rules of Civil Procedure, that jurisdiction being the law of the land.

TO WHOM ALL THESE APPLY, AND PRESENT, that I Otis Williams III secured party and creditor of all the herein named parties, per uniform commercial code sec. 1-106.6 exercises his right under common law and lawfully seeks remedy under sec 1-201(2) and (34), sec 1-106, 1, where any of the herein named conduits on behalf of the herein named Debtors/Defendants, has, in fact, unlawfully committed impermissible errors where the herein named, conduit on behalf of the herein named Debtors/Defendants, has in fact, unlawfully Violated the herein named Claimant rights as an American and as a secured party.

*I, Otis the III of the Williams family, hereby institute this Cause of Action for fraudulent activity for actual damages, statutory damages, and 'Rights Violations' under 'Due Process of Law' under 'Sham Legal Process', 'Color of Law' and 'Theft by Deception' in Unlawful Detainer and unlawful Sheriff Sale of the above named Plaintiff's property (property description attached).*

*I, Otis the III of the Williams family, acerbate that any future filings in this Complaint are direct violations of Plaintiff's Constitutional Rights and Amended Rights under the United States Constitution and Plaintiff's applicable rights to have a trial by jury to attest to the facts of the purported debt obligation without violating Plaintiffs rights under the Bill of Rights.*

## COMPLAINT FOR FRADULANT ACTIVITY AND ORDER FOR PRELIMINARY INJUNCTION TO ENJOIN THE DISPOSAL, SALE OR TRANSFER OF PROPERTIES LOCATED AT 2215 CHICAGO BLVD, DETROIT, MI; 2304 CHICAGO BOULEVARD, DETROIT, MI; 20251 ASHTON, DETROIT, MI; 2500 S. SCHAEFER RD, DETROIT,

**MI; 16781 HUNTINGTON RD, DETROIT, MI; 558 SHERBOURNE STREET, INKSTER, MI, 19150 BERKLEY ROAD, DETROIT, MI; 7337 WOODROW WILSON, DETROIT, MI; 15431 CRUSE, DETROIT, MI; AND 12398 HOGAN HWY, CLINTON, MI; 21465 KARL STREET, DETROIT, MI PENDING FURTHER ORDER OF THIS COURT OF DISPOSITION OF THIS CASE**

*COMES NOW the Plaintiff, Otis the III of the Williams family ("Plaintiff), complaining of the Defendants, as follows:*

## JURISDICTION

### Jurisdiction & Venue Based on the Following
### Pursuant to USC 28 1331 * 1441

Pursuant to Public Law at 42 Stat 13-15 as Original Intent of Congress primae facie code USC 42 section 1983, "Chapter XXII- an Act to enforce the Provisions of the Fourteenth Amendment to the Constitution of the United States, and for Other purposes" Civil Rights Protections

Public Law 62 Stat 932 positive law code 28 USC section 1343, Civil Rights Violations

Public Law62 Stat 934 positive law code 28USC section 1352, Bonds Executed under Federal Law

Public Law 38 Stat 99-118 [National Banking Act] primae facie law code Title 12 Banks & Banking, 62 Stat 938 positive law code 28 USC 1442  Federal Officers Sued

Title 18 Section 241 and Section 242

The Honorable UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN has Jurisdiction over the actions committed within Wayne County and Oakland County in Michigan State concerning this REQUEST FOR JUDGMENT, AND REQUEST FOR "QUIET TITLE" ONLY is therefore filed pursuant to the laws of the United States of America and the laws of the Constitution for these united States of America.

### PRO SE STATUS OF PLAINTIFF

While Plaintiff has attempted to draft, file, and serve this LEGAL PROCEEDING according to his best knowledge, information, and belief regarding his

Unalienable Rights as originally declared in the 1776 A.D., Unanimous
Declaration of Independence, and as later protected by the American Law of the
Land, and its Common-Law and American Jurisprudence, he sincerely believes
that he can justifiably rely, if necessary, on the old MAXIM that clearly states:
**"Substance is more important than Form,"** and he also believes that he can also
justifiably rely on the UNITED STATES SUPREME COURT Case, entitled, <u>Haines v.</u>
<u>Kerner,</u> 1972, 404 U.S. 519, 30.L. Ed. 2d 652, 92 S. Ct, 594, 496, Reh. ˙Den., 405 U.S.
948, 30 L. Ed. 2d 918, 92 S, Ct, 963, which clearly states, to wit:

> *"Pro Se complaints are held to less stringent standards than formal*
> *pleadings by lawyers, and regardless of who represents the Plaintiffs, a*
> *motion to dismiss is not to be granted unless it appears beyond doubt that*
> *the Plaintiffs can prove no set of facts which would entitle them to relief."*

1) The Defendants and their representatives of JP Morgan Chase Bank N.A., Bank of America N.A.,
   Deutsche Bank, N.A., Wells Fargo Bank N. A., Round Point Mortgage Servicing Corporation, U. S.
   Bank, N.A., Strategic Global Investing, LLC, and the Wayne County Treasurer entered into
   negotiable instrument contract with the Third Party Plaintiffs and then later with Plaintiff by default.

2) Defendants JP Morgan Chase Bank N.A., Bank of America N.A., Deutsche Bank, N.A., Wells
   Fargo Bank N. A., Round Point Mortgage Servicing Corporation, U. S. Bank, N.A., Bank of New
   York Mellon, Strategic Global Investing, LLC, and the Wayne County Treasurer later allegedly
   lawfully assigned the mortgage security interest to Southwest Housing Solutions, Motor City
   Property Managers, RenJay, LLC, Rubicon Realty Group, LLC, and Select Portfolio Servicing Inc.
   and Brian G. Pepper.

3) JP Morgan Chase Bank N.A., Bank of America N.A., Deutsche Bank, N.A., Wells Fargo Bank N.
   A., Round Point Mortgage Servicing Corporation, U. S. Bank, N.A., Bank of New York Mellon,
   Strategic Global Investing, LLC, and the Wayne County Treasurer herein have produced a note
   that serves as proof that they are holders of a fraudulent illegal transaction that is voidable based
   on the governing law of the instrument and the federal laws governing the actions carried out in

respect to the instrument.

4) Plaintiff asserts real defense remedy in contract against JP Morgan Chase Bank N.A., Bank of America N.A., Deutsche Bank, N.A., Wells Fargo Bank N. A., Round Point Mortgage Servicing Corporation, U. S. Bank, N.A., Bank of New York Mellon, Strategic Global Investing, LLC, and the Wayne County Treasurer and their directors, representatives, and agents along with Southwest Housing Solutions, Motor City Property Managers, RenJay, LLC, Rubicon Realty Group, LLC, Brian Pepper and Select Portfolio Servicing Inc. and their directors, representatives and agents for Fraud in the factum illegality of Transaction that renders the underlying contract [mortgage security instrument] void, and material alteration of an instrument [the note].

5) JP Morgan Chase Bank N.A., Bank of America N.A., Deutsche Bank, N.A., Wells Fargo Bank N.A., Round Point Mortgage Servicing Corporation, U. S. Bank, N.A., Bank of New York Mellon, Strategic Global Investing, LLC, and the Wayne County Treasurer are all financial Institutions subject to The National Banking Act Public Law Volume 13 38th Congress Stat 99-118.

6) The Directors,  Brian Moynihan, James Dimon, Mary Callahan Erdoes, Daniel Pinto, David Worrall, Kevin Brungardt, Timothy J. Sloan, Richard Davis, Eric R. Sabree and Gerald Hassell involved in the transactions of JP Morgan Chase Bank N.A., Bank of America N.A., Deutsche Bank, N.A., Wells Fargo Bank N. A., David Warrall, Richard Brungardt and Round Point Mortgage Servicing Corporation, U. S. Bank, N.A., Bank of New York Mellon, Strategic Global Investing, LLC, and the Wayne County Treasurer along with the Directors, agents or representatives Richard Zeiman, Richmond Inger, Dustin Chappel, John Van Camp, Timothy Thorland, Vijay Cial, Gerald Jacob, Scott W. Weaver, Tim O'Brien  of Southwest Housing Solutions, Motor City Property Managers, RenJay, LLC, Rubicon Realty Group, LLC, and Select Portfolio Servicing Inc., herein noted as the holders of a note/bond are oathed to abide by the laws of financial institutions stated at The National Banking Act Public Law Volume 13 38th Congress Stat 99-118 and have violated their oath which is held at the Office of the Comptroller of Currency of the United States

7) Either the Department of the Treasury of a Federal Reserve Institution has issued bonds to the above mentioned Defendants and the United States Comptroller of the Currency has registered the bonds to the Directors of JP Morgan Chase Bank N.A., Bank of America N.A., Deutsche Bank, N.A., Wells Fargo Bank N. A., Round Point Mortgage Servicing Corporation, U. S. Bank, N.A., Strategic Global Investing, LLC, and the Wayne County Treasurer in exchange for a fraudulently endorsed negotiable instrument, where no consideration was provided to the Plaintiff.

8) Directors of the previously stated financial institutions cannot prove they made a loan based on the properly following the laws of Public Law Volume 13 38th Congress Stat 99-118 which they are on record as oathed to uphold such laws or face the penal actions for their violations

9) Defendants, Najla Shareef and David Bye for fraudulently passing on negotiable instruments in the name of and on behalf of Plaintiff to Defendant, Deutsche Bank, N.A., along with the Wayne County Third Circuit Court case no 16-010689-CH and other unknown entities or individuals at the time of filing this complaint.

10) The Plaintiff, Otis Williams III, main office and/or residence is located and for diversity purposes is a citizen of Louisiana and all the Third-Party Plaintiffs (Debtors) are citizens of Michigan.

11) That the Defendants main offices and/or residences are located and for diversity purposes {Wachovia Bank v. Schmidt, 546 U.S. 303, 307; 126 S.Ct. 941; 163 L.Ed.2d 797 (2006)} are as such; Brian Moynihan and Bank of America, N.A. are citizens of Texas.   John Michael Cryan and Deutsche Bank, N.A. are citizens of New York. James Dimon, Daniel E. Pinto, Mary Callahan Erdoes, and JP Morgan Chase Bank are citizens of New York.  Timothy J. Sloan and Wells Fargo are citizens of California. David Warrall, Richard Brungardt and Round Point Mortgage Servicing Corporation are citizens of North Carolina. Richard K. Davis and U. S. Bank are citizens of Ohio. Tim O'Brien and Select Portfolio Servicing are citizens of Utah.  Dustin Chappell and Strategic Global Investing LLC are citizens of Michigan.  The Wayne County Treasurer is a citizen of Michigan. Gerald Hassell and Bank of New York Mellon are citizens of New York.  John Van Camp, Timothy Thorland and Southwest Housing Solutions LLC are citizens of Michigan; Richard Zeiman, Richmond Inger and Motor City Property Managers LLC are citizens of Michigan. Vijay Cial and RenJay, LLC are citizens of Michigan. Dean Grouix is a citizen of Michigan. Gerald P. Jacob, Scott W. Weaver and Rubicon Realty Group, LLC are citizens of Texas. Tim O'Brien and Select Portfolio Servicing are citizens of Utah. Brian G. Pepper is a citizen of Michigan. Najee Shareef is a citizen of Michigan, and David Bye is a citizen of Michigan. .

12) Under L.R. 81. I (a) and (b) and 28 U.S.C. 1332(a), the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorney fees because as part of the relief sought Plaintiff.

### ***INTRODUCTION***

13. *The herein named Plaintiff/secured party, interest holder, disputes the title and ownership of the real properties in question located at 2215 Chicago Blvd, Detroit, MI; 2304 Chicago Boulevard, Detroit, MI; 20251 Ashton, Detroit, MI; 2500 S. Schaefer Rd, Detroit, MI; 16781 Huntington Rd, Detroit, MI; 558 Sherbourne Street, Inkster, MI, 19150 Berkley Road, Detroit, MI, 7337 Woodrow Wilson, Detroit, MI, and 15431 Cruse, Detroit, MI (the "Homes"), which is the subject of this action, in that the originating mortgage lender, and others alleged to have ownership, have unlawfully sold, assigned and/or transferred their ownership and security interest in a Promissory Note and Deeds of trust related to the Property, and, thus, do not have lawful ownership or a security interest in any of the herein named Plaintiffs interest in real or personal property of any of his debtors which is described in detail herein.*

14. *Plaintiff further alleges that Defendants, cannot establish possession and proper transfer and/or endorsement of the Promissory Note and proper assignment of the Deeds of trust herein; therefore, none of the defendants have perfected any claim of title or security interest in the Property. Defendants, do not have the ability to establish that the mortgages that secure the indebtedness, or Note, were legally or properly acquired and there is no evidence to the contrary.*

15. *Plaintiff alleges that an actual controversy has arisen and now exists between the Plaintiff, Third Party Plaintiffs and Defendants.*

16. Plaintiff  by right per default of the herein named Defendants  took title to subject private land and real estate between the years 2011 and 2016, by way of a "ucc fixtures liens and real estate liens filed in the real estate department of the uniform

commercial code division per PRIVATE DEFAULT AGREEMENT between the

herein named claimant and defendants, It is well-settled American law and

Jurisprudence that a lending bank must comply with all lawful banking

regulations, generally accepted accounting practices (GAAP), and all lawful

Securities regulations when participating in the corporate, governmentally granted

privilege to create new money funds by monetizing the borrower's signature,

according to the Federal Reserve's own booklet, Modern Money Mechanics.

17. It is well-settled American law and Jurisprudence that a lender must fully disclose

ALL terms and conditions of a loan to borrower for borrower to knowingly,

willingly, intentionally and voluntarily agree to all conditions, fully disclosed, in any

contract with a lender for the alleged loan to be valid.

**Plaintiff's substantial rights and equitable interest Have been impaired and impeded
upon by an adjudication Concerning a property for which Plaintiff has perfected a
Security agreement UCC 1 Lien on all personal and real property related to each of
his DEBTOR'S, giving him Superior Equitable Interest over those Interest claimed by
the EACH Defendant to this cause of action.**

At no time did any of the herein named Defendants engage in or act in good faith to contact (after
NOTICE of his interest was served on each named Defendant), Otis Williams III to accord him a fair and
equal opportunity to assert and represent his interest in the property that is the cause of this action.

At no time and nowhere in the Defendant's pleadings and/or documents is the name Otis Williams
III mentioned. Neither party to the original action against the plaintiffs/secured party's DEBTORS accorded
Court records, at the least, judicial notice that there may have been other interested parties concerning the
property. It is the reasonable and fact support claim of the Plaintiff Otis Williams III that he was denied that
ability to defend his interest in his property, and his rights and interest impaired and impeded.

*18. Otis Williams III holds right, title and interest to the property's Each Defendant*

*claims a higher title to, which is the reason of this controversy. Any judgment of*

*foreclosure which was the basis for some Defendants claim of title is void on its face,*

*due to the fact that they did not acquire good title. The herein named Defendants*

*standing to bring suit of foreclosure against a PARTY Even if a named Plaintiff had*

*standing to bring a foreclosure suit against a PARTY The putative judgment would*

*still be void as The herein named Defendant (s) failed to honor the herein named*

*Plaintiffs/Secured Party's contract agreements with his DEBTORS and DID NOT*

*PAY THE Plaintiff/Secured party Otis Williams III, the amounts owed to him.*

19. *Foreclosure must produce the original promissory note: in a mortgage foreclosure,*

*complaining party must (1). Prove standing by possession of the original promissory*

*note, and (2). Must prove damages by appearance of a competent fact witness:*

*Where the complaining party cannot prove the existence of the note, then there is*

*no note. To recover on a promissory note, the plaintiff must prove: (1) the existence*

*of the note in question; (2) that the party sued signed the note; (3) that the plaintiff*

*is the owner or holder of the note; and (4) that a certain balance is due and owing*

*on the note.  See In Re: SMS Financial LLC. v. Abco Homes, Inc. No.98-50117*

*February 18, 1999 (5th Circuit Court of Appeals.), Volume 29 of the New Jersey*

*Practice Series, Chapter 10 Section 123, page 566, emphatically states, "...; and no*

*part payments should be made on the bond or note unless the person to whom*

*payment is made is able to produce the bond or note and the part payments are*

*endorsed thereon. It would seem that the mortgagor would normally have a*

*Common law right to demand production or surrender of the bond or note and*

*mortgage, as the case may be. See Restatement, Contracts S 170(3), (4) (1932);*

*C.J.S. Mortgages S 469, in Carnegie Bank v, Shalleck 256 N.J. Super 23 (App. Div.*

*1992), the Appellate Division held, "When the underlying mortgage is evidenced by*

*an instrument meeting the  criteria for negotiability set forth in N.J.S. 12A:3-104,*

*the holder of the instrument shall be afforded all the rights and protections provided a holder in due course pursuant to N.J.S. 12A:3-302" Since no one is able to produce the "instrument" there is no competent evidence before the Court that any party is the holder of the alleged note or the true holder in due course. New Jersey common law dictates that the plaintiff prove the existence of the alleged note in question, prove that the party sued signed the alleged note, prove that the plaintiff is the owner and holder of the alleged note, and prove that certain balance is due and owing on any alleged note. Federal Circuit Courts have ruled that the only way to prove the perfection of any security is by actual possession of the security. See Matter of Staff Mortgage. & Inv. Corp., 550 F.2d 1228 (9th Cir 1977). "Under the Uniform Commercial Code, the only notice sufficient to inform all interested parties that a security interest in instruments has been perfected is actual possession by the secured party, his agent or Bailee/bailer, (Otis; Williams III has possession) Bankruptcy Courts have followed the Uniform Commercial Code. In Re Investors & Lenders, Ltd. 165 B.R. 389 (Bkrtcy.D.N.J.1994), "Under the New Jersey Uniform Commercial Code (NJUCC), promissory note is "instrument," security interest in which must be perfected by possession ..." Unequivocally the Court's rule is that in order to prove the "instrument", possession is mandatory.*

20. *It is a fact that the herein named Defendants, its agents and co-parties are committing omitting knowledge in Bad Faith, Fraud Conspiracy, Undue Enrichment, Aiding and Abetting, Willful and Wanton, Irreparable Harm, with Malice and Foresight, Conversion, Commercial War, Commercial Credit Slander and continuous torts.*

21.    *Plaintiff further alleges that the Defendants, specifically trespassed and violated his rights intentionally. These Defendants with the assistance of others, transferred real estate without consulting with Plaintiff prior to this illegal and forceful transfer. In addition, the Defendants used the legal system to illegally evict his debtors from many of the real estate properties. Plaintiff has requested that the actions of the Defendants be reversed but has yet done so at the time of filing this action. Plaintiff also seeks redress from Defendants identified herein below for damages, for other injunctive relief, and for cancellation of written instruments based upon:*

*a. An invalid and unperfected security interest in the real estate and land that plaintiff has interest in hereinafter described;*

*b. Void "True Sale(s)" violating Michigan Law and express terms of the Pooling and Servicing Agreement ("PSA") governing the securitization of Plaintiff's mortgage, which is a Trust Agreement required to be filed under penalty of perjury with the United States Securities and Exchange Commission ("SEC") and which, along with another document, the Mortgage Loan Purchase Agreement ("MLPA"), is the operative securitization document created by the finance and securitization industry to memorialize securitization transactions (see further discussion of the PSA herein);*

*c. An incomplete and ineffectual perfection of a security interest in Plaintiff's property;*

*d. Violations of Michigan Compiled Law 445.903 (Unfair Business Practices) and*

*e. A void or voidable Deeds of trust due to improper securitization, for which there is a reasonable apprehension that, if left outstanding, may cause a serious injury.*

*22. AS OF THIS DATE OF THE FILING OF THIS COMPLAINT, PLAINTIFF STATES UPON INFORMATION AND BELIEF THAT DEFENDANTS HAVE NOT FILED A CIVIL*

*ACTION FOR POSSESSION IN ANY LOWER COURT, HOWEVER that immediate and irreparable harm will come to the "Plaintiff and the Third Party Plaintiffs as a result of the BELOW DESCRIBED ACTS and wrongful conduct of the Defendants, unless this Honorable Court issues an Order to enjoin the transfer, disposal or sale of Plaintiff's property until further Order of this Court and/or an Order staying any lower court judgment/order of eviction or writ of order of eviction.*

   a. *The "Plaintiff", pursuant to the Fair Debt Collection Practices Act § 809. Validation of debts (15 USC 1692g), wrote Defendant letters requesting they validate the debt, and plaintiff is/was entitled to this information and accordingly followed the requirements of § 809. Validation of debts (15 USC1692g), and did,*

      1. *write the Defendant, and*

      2. *request that the defendant "validate" the debt Plaintiffs written letter(s) requesting Defendant validate the debt were inclusive of requesting Defendants to provide a "detailed accounting and a tracking" of when, where, how the Plaintiff monthly mortgage payments and "charges and fees" were added on to Plaintiff account, and "were calculated" posted , and by whom.*

   b. *The Plaintiff received no response from sending the above referred letters requesting validation, and*

      1. *Defendants failed to validate the debt,*

      2. *Ignored the request to validate made by "Plaintiff*

      3. *Ignored the federal statute and its prohibited acts regarding such,*

   c. *"Defendants" were to cease all collection activity upon receipt of that letter and were not allowed and prohibited from starting any foreclosure, instituting Sheriffs Sale, and commencing any civil action against Plaintiff . . . . . under prohibited acts of § 809 Validation of debts (15 USC 1692.*

   d. *The Statute 15 USC 1692g and the United States Court of Appeals, and an Indiana Court of Appeals ruling further established additional requirements that "Defendants*

are not allowed to collect, continue to proceed, or file any civil action if they fail to validate the debt.

1. In Spears v Brennam (Brennam was a defendants collection attorney), the Court of appeals ruled as follows:

   "Finally, we address Spears" claim that Brennan violated 15 U.S.C. 1692g(b) when he failed to cease collection of the debt after receiving Spears' written notification within the thirty-day debt validation period that Spears was disputing the debt" 15 U.S.C. 1692G(b) reads:

   If the consumer notifies the debt collector in writing within the thirty day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, name and address of the original creditor, is mailed to the consumer by the debt collector.

## THE PARTIES

23. Plaintiff is now, and at all times relevant to this action, and domiciled in the Orleans Parish (county) of Louisiana, and the Michigan republic.

24. Defendants, is (was) are doing business in the State of Michigan. Plaintiff is further informed and believes, and thereon alleges, that DEFENDANTS are the Originators of the loan and/or purported participant in the imperfect securitization of the Note (incorporated by reference herein) and/or Deeds of trust, (incorporated by reference herein), as more particularly described in this Complaint. Plaintiff is further informed and believes that DEFENDANTS is a participant in fraud in the origination of the note.

25. *Some of the herein named Defendants, are a National Banking Association, doing business in the UNITED STATES. Plaintiff is further informed and believes, and thereon alleges, that THE DEFENDANTS, are the present purported Master Servicer of the mortgage herein and/or are a purported participant in the imperfect securitization of the Note (incorporated by reference herein) and/or the Deeds of trust, (incorporated by reference herein), as more particularly described in this Complaint.*

26. *Some of the herein named Defendants, Plaintiff are informed and believes, and thereon alleges, are a state debt collection agency doing business in the State of Michigan and are the purported Foreclosure Trustee of the mortgage herein and/or a purported participant in the imperfect securitization of the Note and/or the Deeds of trust as more particularly described in this complaint.*

27. *Some of the herein named Defendants, Plaintiff are informed and believes, and thereon alleges, are a domestic limited liability company doing business in the State of Michigan Plaintiff is further informed and believes, and thereon alleges, that Defendants are the purported Beneficiary under the Deeds of trust and/or are a purported participant in the imperfect securitization of the Note and/or the Deeds of trust, as more particularly described in this Complaint.*

28. *Some of the herein named Defendants, Plaintiff are informed and believes, and thereon alleges, are individuals doing business in the State of Michigan and are the purported agents of the corporations herein and/or a purported participant in the illegal transfer of assets as more particularly described in this complaint.*

29. *Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint ventures of the remaining Defendants, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture.*

30. *The Properties (Homes) are located within the United States.*

### *FACTUAL ALLEGATIONS*

31. *FACT 1. Real estate is a document recording system, the Uniform Commercial Code is also a notice and document filing system. The herein named defendant Otis Williams III/Secured Party is not a licensed attorney nor a licensed real estate agent, but has some form of education where reading is a subject. It is a fact that real estate and UCC laws put the public on notice about different types of transactions, but the ways they do this are very different. Recording a real estate document means literally that the original document representing the transaction-the deed, mortgage, etc.-is placed in the public record at the recording office. Therefore, anyone who has a need to know about the transaction can read the actual documents in the entirety.*

32. *FACT 2. Real estate is an asset-based system-UCC is a liability and asset-based system. The old cliché is that no more real estate is being made; that's an important distinction between real estate law and the uniform commercial code. Each local record office has under its responsibility a certain area of land each piece of which is identifiable on its records. Therefore, every document recorded points in some way, direct or indirect, to specific known parcels of land. Which we can say that real*

estate and the UCC recording are lawful asset-based, Documents/Instruments. The plaintiff/secured party Otis; Williams III has in fact recorded such instruments in which the herein named Defendants have in fact ignored these lawfully registered documents as to say that another hard working American business man using such Commercial information and systems of business must be a officer of the court, a Bank , mortgage or a Loan Company, this is surely Not a good Faith action but rather a contractual interference and dishonesty dishonor and disrespect to the UNIFORM Law Commissioners. Who are all attorneys, qualified to practice law, including state and federal judges, legislators and law professors from throughout the United States.

33. FACT 3. Real estate law consists of sometimes loosely related statutes that vary widely from state to state whereas UCC law consists of state variations on a compact and statutes nationally promulgated model act.

34. Under the UCC, a financing statement is usually said to be "filed." This financing statement is not the transaction itself, but rather a summary of the transactions intended to notify the public in a general way that the secured party is placing a lien on an specific property of the debtor, the UCC-3 assignment deals with transactions

35. I can understand the herein Defendants, lack of knowledge of the UCC law as a whole, due to the fact that there is a lack of uniformity in the uniform commercial code because many states, at/or are in the process of enacting their own version of the model act, have amended the model act in a variety of ways that confuses and confounds even UCC documentation professionals. The simplest way to compare real estate statutes and the uniform commercial code (UCC) is to say that the UCC

is to personal and real property as to mortgages/trust deeds are to real property. It is fair to say that the security agreement behind each UCC transaction is the practical equivalent of the mortgage behind each real estate loan. Each of these agrees with one another.

36. It is a fact that NO AGREEMENT/ CONTRACT private or PUBLIC exist between the t Otis Williams III and plaintiff that was drafted by the Defendant (s) and the herein named Plaintiff, Otis Williams III nor Signed and/or Registered that can BIND the plaintiff Otis Williams III.

37. Plaintiff executed a series of documents, including but not limited to a Note and Deeds of trust, securing the Property in the amount of note. The original beneficiary and nominee under the Deeds of trust was DEFENDANTS.

38. Plaintiff is informed and believes, and thereon alleges, that this loan was securitized, with the Note not being properly transferred to Defendants, THE DEFENDANTS, acting as the Trustee for the Securitized Trust. As set forth herein above, the Securitized Trust was formed by execution of the PSA.

39. Plaintiff is informed and believes, and thereon alleges, that the purchase mortgage on the Properties, the debt or obligation evidenced by the Note and the Deeds of trust executed by the Third Party Plaintiffs in favor of the original lender and other Defendants, regarding the Property, was not properly assigned and transferred to Defendants operating the pooled mortgage funds or trusts in accordance with the PSA of the entities making and receiving the purported assignments to this trust, and believes there is no valid evidence to the contrary.

40. Plaintiff alleges that the PSA requires that each Note or Deeds of trust had to be endorsed and assigned, respectively, to the trust and executed by multiple intervening parties

before it reached the Trust. Here, neither the Note nor the Deeds of trust was assigned to the Securitized Trust by the closing date. Therefore, under the PSA, any assignments of the Deeds of trust beyond the specified closing date for the Trust are void.

41. Plaintiff further alleges that even if the Deeds of trust had been transferred into the Trust by the closing date, the transaction is still void as the Note would not have been transferred according to the requirements of the PSA, since the PSA requires a complete and unbroken chain of transfers and assignments to and from each intervening party. Documents filed with the SEC by the securitization participants allegedly claim that the Note and Deeds of trust at issue in this case were sold, transferred and securitized by Defendants, with other loans and mortgages, as with Freddie Mac mortgages in similar PSA's such as SERIES 2005-3, which is a Common Law Trust formed pursuant to New York law. A copy of the Prospectus Supplement can be found at the site indicated below.

42. Plaintiff is informed and believes, and thereon alleges, that PSA's such as SERIES 2005-3 had no officers or directors and no continuing duties other than to hold assets and to issue the series of certificates of investment as described in the Prospectus identified herein below. A detailed description of the mortgage loans which form the Trust SERIES 2005-3 is included in Form 424B5 ("the Prospectus"), which has been duly filed with the SEC and which can be accessed through the below mentioned footnote.[1]

[1] http://www.sec.gov/Archives/edgar/data/815018/000116231807000567/m0565424b5.htm

43. Plaintiff also alleges that the Note was secured by the Deeds of trust. Plaintiff alleges that as of the date of the filing of this Complaint, the Deeds of trust had not been legally assigned to any other party or entity, and believes there is no valid evidence to the contrary.

44. Plaintiff is informed and believes, that THE DEFENDANTS, alleges that they are the "holder and owner" of the Note and the beneficiary of the Deeds of trust. However, the Note and Deeds of trust identify the mortgagee and note holder as the original lending institution or Mortgage Originator. Documents state that the original lender allegedly assigned the mortgage loan to THE DEFENDANTS, and believes there is no valid evidence to the contrary.

45. Plaintiff further alleges that no documents or records can be produced that demonstrate that prior to the assignment date, the Note was duly endorsed, transferred and delivered to THE DEFENDANTS, including all intervening transfers. Nor can any documents or records be produced that demonstrate that prior to the assignment date, the Deeds of trust was duly assigned, transferred and delivered to THE DEFENDANTS, including all intervening assignments, and believes there is no valid evidence to the contrary.

46. The link to the SEC and the various documents filed with the SEC regarding the Note are: SEC Website: http://www.sec.gov.

47. Plaintiff is further informed and believes, and thereon alleges, that the purported assignments and transfers of Plaintiff's debt or obligation did not comply with Michigan law, and/or other laws and statutes, and, thus, do not constitute valid and enforceable "True Sales." Any security interest in the Property was, thus, never perfected. The alleged holder of the Note is not the beneficiary of the Deeds of trust. The alleged beneficiary of Plaintiff's Deeds of trust does not have the requisite title, perfected security interest or standing to proceed; and/or is not the real party in interest with regard to any action taken or to be taken against the Property, and believes there is no valid evidence to the contrary.

48. *Plaintiff is also informed and believes, and thereon alleges, that at all times herein mentioned, and any assignment of a Deeds of trust without proper transfer of the obligation that it secures is a legal nullity, and believes there is no valid evidence to the contrary.*

49. *As set forth hereinabove, Defendants, violated the express terms of the PSA which is a Trust Agreement and which, along with another document, the Mortgage Loan Purchase Agreement, is the operative securitization document created by the finance and securitization industry to memorialize a particular securitization transaction. The PSA specifies the rights and obligations of each party to the securitization transaction to each other, and is a public document on file with the SEC. More specifically, the PSA requires strict compliance with its procedures and timelines in order for the parties to achieve their specific objectives.*

50. *Securitization is the process whereby mortgage loans are turned into securities, or bonds, and sold to investors by Wall Street and other firms. The purpose is to provide a large supply of money to lenders for originating loans, and to provide investments to bond holders which were expected to be relatively safe. The procedure for selling of the loans was to create a situation whereby certain tax laws known as the Real Estate Mortgage Investment Conduit (hereinafter "REMIC") Act was observed, and whereby the Issuing Entities and the Lenders would be protected from either entity going into bankruptcy. In order to achieve the desired "bankruptcy remoteness," two "True Sales" of the loans had to occur, in which loans were sold and transferred to the different parties to the securitization.*

51. *A "True Sale" of the loan would be a circumstance whereby one party owned the Note and then sold it to another party. An offer would be made, accepted and compensation given to the "seller" in return for the Note. The Notes would be transferred, and the Deeds of*

*Trust assigned to the buyers of the Note, with an Assignment made every step of the way, and, furthermore, each Note would be endorsed to the next party by the previous assignee of record.*

*52. In order for the Trustee of the Securitized Trust to have a valid and enforceable secured claim against Plaintiff's properties, the Trustee must prove and certify to all parties that, among other things required under the PSA:*

*a. There was a complete and unbroken chain of endorsements and transfers of the Note from and to each party to the securitization transaction (which should be from the (A) Mortgage Originator to the (B) Sponsor to the (C) Depositor to the (D) Trust, and that all of these endorsements and transfers were completed prior to the Trust closing dates (see discussion below); and*

*b. The Trustee of the Securitized Trust had actual physical possession of the Note at that point in time, when all endorsements and assignments had been completed. Absent such proof, Plaintiff alleges that the Trust cannot demonstrate that it had perfected its security interest in Plaintiff's property (ies) that is the subject of this action. Therefore, if the Defendants, did not hold and possess the Note on or before the closing date of the Trust herein, they are estopped and precluded from asserting any secured or unsecured claim in this case.*

*53. Plaintiff is informed and believes, and thereon alleges, that pursuant to the terms of the PSA, the Mortgage Originator (i.e., the original lender herein) agreed to transfer and endorse to the Trustee for the Securitized Trust, without recourse, including all intervening transfers and assignments, all of its right, title and interest in and to the mortgage loan (Note) of Plaintiff herein and all other mortgage loans identified in the PSA, and believes there is no valid evidence to the contrary.*

54. Plaintiff is further informed and believes, and thereon alleges, that the PSA provides that the transfers and assignments are absolute, were made for valuable consideration, to wit, in exchange for the certificates described in the PSA, and were intended by the parties to be a bona fide or "True Sale." Since, as alleged herein below, True Sales did not actually occur, Plaintiff alleges that the Defendants Trustees are estopped and precluded from asserting any secured or unsecured claim in this case, and believes there is no valid evidence to the contrary.

55. Plaintiff is further informed and believes, and thereon alleges, that as a result of the PSA and other documents signed under oath in relation thereto, the Mortgage Originator, sponsor and Depositor² are estopped from claiming any interest in the Note that is allegedly secured by the Deeds of trust on Plaintiff's property (ies) herein, and believes there is no valid evidence to the contrary.

56. Based upon the foregoing, Plaintiff is further informed and believes, and thereon alleges, that the following deficiencies exist, in the "True Sale" and securitization process as to this Deeds of trust which renders invalid any security interest in the Plaintiff's mortgage, including, but not limited to:

a. The splitting or separation of title, ownership and interest in Plaintiff's Note and Deeds of trust of which the original lender is the holder, owner and beneficiary of Plaintiff's Deeds of trust;

b. When the loan was sold to each intervening entity, there were no Assignments of the Deeds of trust to or from any intervening entity at the time of the sale. Therefore, "True Sales" could not and did not occur;

c. The failure to assign and transfer the beneficial interest in Plaintiff's Deeds of trust to THE DEFENDANTS, in accordance with the PSA of the Defendants, as Securitization Participants;

d. The failure to endorse, assign and transfer Plaintiff's Note and/or mortgage to the DEFENDANTS, as Trustee, in accordance with the PSA;

e. No Assignments of Beneficiary or Endorsements of the Note to each of the intervening entities in the transaction ever occurred, which is conclusive proof that no true sales occurred as required under the PSA filed with the SEC; and

f. Defendants, violated the pertinent terms of the PSA.

57. Plaintiff, therefore, alleges, upon information and belief, that none of the parties to neither the securitization transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiff's estates, and believes there is no valid evidence to the contrary.

### FIRST CAUSE OF ACTION
### LACK OF STANDING TO FORECLOSE

58. An actual controversy has arisen and now exists between Plaintiff and Defendants specified hereinabove, regarding their respective rights and duties, in that Plaintiff contends that Defendants, do not have the right to foreclose on the Properties because Defendants, have failed to perfect any security interest in the Property. Thus, the purported power of sale or transfer by the above specified Defendants, no longer applies. Plaintiff further contends that the above specified Defendants, do not have the right to transfer or foreclose on the Property because said Defendants, did not properly comply with the terms of Defendants' own securitization requirements and falsely or fraudulently prepared documents required for

Defendants, to foreclose as a calculated and fraudulent business practice, and believes there is no valid evidence to the contrary.

59. Plaintiff is informed and believes and there upon allege that the only individual who has standing to foreclose is the holder of the note because they have a beneficial interest. The only individuals who are the holder of the note are the certificate holders of the securitized trust because they are the end users and pay taxes on their interest gains; furthermore, all of the banks in the middle were paid in full, and believes there is no valid evidence to the contrary.

60. Plaintiff requests that this Court find that the purported power of sale contained in the Note and Deeds of trust has no force and effect at this time, because Defendants' actions in the processing, handling and unlawful foreclosure of this loan involved numerous fraudulent, false, deceptive and misleading practices, including, but not limited to, violations of Federally guaranteed Rights through Amendments 4, 5, 7, 14, and Michigan State Constitutional Rights as guaranteed by ARTICLE I § 11, I § 14, AND I § 17, at a minimum; and other state laws designed to protect borrowers, which has directly caused the Plaintiffs herein named secured party's DEBTOR'S to be at an equitable disadvantage to Defendants, Plaintiff further requests that title to the Property remain in its name, with said Deeds of trust remaining in beneficiaries' name, during the pendency of this litigation, and deem that any prior or future sale of the Property is "unlawful and void" were payable to and the Note, therefore, cannot be transferred unless it is endorsed, and Plaintiff believes there is no valid evidence to the contrary.

61. By false or fraudulent documents, said unlawful foreclosure action and the transferring of Plaintiff's assets has caused and continues to cause Plaintiff and the Third Party Plaintiffs great and irreparable injury in that real property is unique, and there is no valid evidence to the contrary.

## SECOND CAUSE OF ACTION
## FRAUD IN THE CONCEALMENT

62. Defendants concealed the fact that the Loans were securitized as well as the terms of the Securitization Agreements, including, inter alia: (1) Financial Incentives paid; (2) existence of Credit Enhancement Agreements, and (3) existence of Acquisition Provisions. By concealing the securitization, Defendants concealed the fact that Borrower's loan changed in character inasmuch as no single party would hold the Note but rather the Notes would be included in a pool with other Notes, split into tranches, and multiple investors would effectively buy shares of the income stream from the loans. Changing the character of the loan in this way had a materially negative effect on Plaintiff that was known by Defendants but not disclosed, and believes there is no valid evidence to the contrary. Defendants knew or should have known that had the truth been disclosed, Plaintiff would not have entered into the Loans. Defendants intended to induce the Plaintiffs DEBTOR'S based on these misrepresentations and improper disclosures.

63. Some of the Defendants herein concealed and ignored the fact that Plaintiffs perfected interest was indeed in place and valid at the time of their illegal actions. The Defendants neglected to follow due diligence in notifying Plaintiff of any actions such as transferring to other entity or individuals, foreclosure, etc. in that they were taking against the properties (Homes) of the plaintiff. This act was a direct insult to Plaintiff and his debtors.

64. Plaintiff's DEBTOR'S reasonable reliance upon the misrepresentations was detrimental. But for failure to disclose the true and material terms of the transaction, Plaintiffs

DEBTOR'S could have been alerted to issues of concern. Plaintiffs DEBTOR'S would have known of Defendants true intentions and profits from the proposed risky loan.

Defendants were aware of the misrepresentations and profited from them, and there is no valid evidence to the contrary.

65. As a direct and proximate result of the misrepresentations and concealment, Defendants is guilty of malice, fraud and/or oppression. Defendants' actions were malicious and done willfully in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiff. As such Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter defendants from engaging in future misconduct.

### THIRD CAUSE OF ACTION
### FRAUD IN THE INDUCEMENT

66. Defendants, intentionally misrepresented to Plaintiffs DEBTOR'S that the Defendants was entitled to exercise the transfer or the power of sale provision contained in the Deeds of trust. In fact, Defendants was not entitled to do so and have no legal, equitable, or actual beneficial interest whatsoever in the Property.

67. Defendants misrepresented that they are the "holder and owner" of the Note and the beneficiary of the Deeds of trust. However, this was not true and was a misrepresentation of material fact. Documents state that the original lender allegedly assigned the mortgage loan to THE DEFENDANTS. Defendants was attempting to collect on a debt to which they have no legal, equitable, or pecuniary interest in. This type of conduct is outrageous. Defendants are fraudulently foreclosing on the Property which they have no monetary or pecuniary interest; there is no valid evidence to the contrary.

68. Defendant's failure to disclose the material terms of the transaction induced Plaintiffs debtors to enter into the loans and accept the Services as alleged herein.

The material misrepresentations were made by Defendants with the intent to cause Plaintiff to reasonably rely on the misrepresentation in order to induce the Plaintiff to rely on the misrepresentations and foreclosure on the Property. This material misrepresentation was made with the purpose of initiating the securitization process as illustrated above, in order to profit from the sale of the Property by selling the note to sponsors who then pool the note and sell it to investors on Wall Street, and there is no valid evidence to the contrary.

Defendants was aware of the misrepresentations and profited from them.

69. As a direct and proximate result of the misrepresentations and concealment from the Plaintiffs DEBTOR'S was damaged in an amount to be proven at trial, including but not limited to costs of Loan, damage to Plaintiff's financial security, emotional distress, and Plaintiff has incurred costs and legal fees.

70. Defendants are guilty of malice, fraud and/or oppression. Defendant's actions were malicious and done willfully in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiff. As such Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter them from engaging in future misconduct, and there is no valid evidence to the contrary.

### FOURTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. The actions of Defendants, as set forth herein, have resulted in the Plaintiff being threatened with the loss of his rights in real property, land or personal property.

72. *This outcome has been created without any right or privilege on the part of the Defendants, and, as such, their actions constitute outrageous or reckless conduct on the part of Defendants.*

73. *Defendants intentionally, knowingly and recklessly misrepresented to the Plaintiffs DEBTOR'S that Defendants was entitled to exercise the power of sale provision contained in the Deeds of trust. In fact, Defendants was not entitled to do so and have no legal, equitable, or actual beneficial interest whatsoever in the Property, and there is no valid evidence to the contrary.*

74. *Defendants conduct – fraudulently attempting to foreclose on a property in which defendants has no right, title, or interest – is so outrageous and extreme that it exceeds all bounds which are usually tolerated in a civilized community.*

75. *Such conduct was undertaken with the specific intent of inflicting emotional distress on the Plaintiff, such that Plaintiff would be so emotionally distressed and debilitated that he/she would be unable to exercise legal rights in the Property; the right to title of the Property, the right to verify the alleged debt that Defendants are attempting to collect, and right to clear title to the Property such that said title will regain its marketability and value, and there is no valid evidence to the contrary.*

76. *At the time Defendants began their fraudulent foreclosure proceedings, Defendants was not acting in good faith while attempting to collect on the subject debt. Defendants committed the acts set forth above with complete; utter and reckless disregard of the probability of causing Homeowners to suffer severe emotional distress.*

77. *As an actual and proximate cause of Defendants' attempt to fraudulently foreclose on properties that the plaintiff has interest in, the Plaintiff has suffered severe emotional*

distress, including but not limited to lack of sleep, anxiety, and depression, and there is no valid evidence to the contrary.

78. As a proximate cause of Defendants' conduct, Plaintiff has experienced many sleepless nights, severe depression, lack of appetite, loss of productivity, and enjoyment of life.

79. The conduct of Defendants, as herein described, was so vile, base, contemptible, miserable, wretched, and loathsome that it would be looked down upon and despised by ordinary people. Plaintiff is therefore entitled to punitive damages in an amount appropriate to punish Defendants and to deter other from engaging in similar conduct, and there is no valid evidence to the contrary.

### FIFTH CAUSE OF ACTION
### SLANDER OF TITLE

80. Plaintiff incorporates here each and every allegation set forth above. Defendants, disparaged Plaintiff's exclusive valid title by and through the preparing, posting, publishing, and recording of the documents previously described herein, including, but not limited to, the Notice of Claim of Interest, Notice to Cease and Desist; Notice of Default, Notice of Trustee's Sale, Warranty Deeds, Quit Claim Deeds and Trustee's Deed.

81. Said Defendants knew or should have known that such documents were improper in that at the time of the execution and delivery of said documents, Defendants had no right, title, or interest in the Property. These documents were naturally and commonly to be interpreted as denying, disparaging, and casting doubt upon Plaintiff's legal title to the Property. By posting, publishing, and recording said documents, Defendants' disparagement of Plaintiff's legal title was made to the world at large, and there is no valid evidence to the contrary.

82. As a direct and proximate result of Defendants' conduct in publishing these documents, Plaintiff's title to the Property has been disparaged and slandered, and there is a

cloud on Plaintiff's title, and Plaintiff has suffered, and continues to suffer, damages in an amount to be proved at trial.

83. As a further proximate result of Defendants' conduct, Plaintiff has incurred expenses in order to clear title to the Property. Moreover, these expenses are continuing, and Plaintiff will incur additional charges for such purpose until the cloud on Plaintiff's title to the property has been removed. The amounts of future expenses and damages are not ascertainable at this time.

84. As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered humiliation, mental anguish, anxiety, depression, and emotional and physical distress, resulting in the loss of sleep and other injuries to his health and well-being, and continues to suffer such injuries on an ongoing basis. The amount of such damages shall be proven at trial.

85. At the time that the false and disparaging documents were created and published by the Defendants, Defendants knew the documents were false and created and published them with the malicious intent to injure Plaintiff and his debtors and deprive them of their exclusive right to title of the assets and homes.

## FIRST CAUSE OF ACTION

1. For Compensatory Damages in an amount $50,000

2. For Special Damages in an amount $50,000

3. For General Damages in an amount $50,000

4 .For Punitive Damages in the amount $200,000

a. Plaintiff is the prevailing party;

b. The Trustees of the Trusts have no enforceable secured or unsecured claim against the Property;

c. The Sponsor has no enforceable secured or unsecured claim against the Property;

d. The Depositor has no enforceable secured or unsecured claim against the Property;

e. The Mortgage Originator has no enforceable secured or unsecured claim against the Property;

## SECOND CAUSE OF ACTION

1. For Compensatory Damages in an amount $50,000

2. For Special Damages in an amount $50,000

3. For General Damages in an amount $50,000

4. For Punitive Damages in the amount $200,000

## THIRD CAUSE OF ACTION

1. For Compensatory Damages in an amount $50,000

2. For Special Damages in an amount $50,000

3. For General Damages in an amount $50,000

4. For Punitive Damages in the amount $200,000

## FOURTH CAUSE OF ACTION

1. For Compensatory Damages in an amount $50,000

2. For Special Damages in an amount $50,000

3. For General Damages in an amount $50,000

4 .For Punitive Damages in the amount $200,000

## FIFTH CAUSE OF ACTION

1. For Compensatory Damages in an amount $50,000

2. For Special Damages in an amount $50,000

3. For General Damages in an amount $50,000

4. For Punitive Damages in the amount $200,000

*WHEREFORE THE PLAINTIFF pray for and order enjoining the transfer, disposal or sale of plaintiffs properties until further order of this court and/or an Order staying any lower court action, judgment/order of eviction or writ or order to eviction and for an award or Judgment in an amount of no less than twice the $450,000.00 appraised value of Plaintiffs properties as to Plaintiff in general damages, from each defendant; and an additional award of punitive and/or exemplary damages from each Defendant in an amount of $450,000.00 or as the court or jury shall deem to be fair and just at the time of trial of this cause of action, Plaintiff respectfully demands this Honorable Court uphold well-settled American Law and Jurisprudence and apply such authority to the specific facts which have been established herein, and Render a Judgment for Damages and Judgment for "Quiet Title" in favor of Plaintiff against all "named" Defendants, and "all persons unknown" now or hereafter before this Honorable Court as of the date of filing this Complaint.as to Plaintiff from and against each defendant, plus interest, cost and attorney fees as allowed by law. Plaintiff reserves the right to amend this complaint at a future date.*

Respectfully Submitted,

Dated this 1st day of February 2017

*Otis Williams III 4p*
Otis the III of the Williams family

# POOR QUALITY ORIGINAL

Michigan Department of State - Uniform Commercial Code

Document Number:

**2016046849-7**

Filing Date and Time:

4/7/2016 7:06:51 PM

*(This document was filed electronically.)*

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Otis Williams III

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Otis  Williams III

P.O. Box 2637

Battle Creek                    MI        49016

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR  1b. INDIVIDUAL'S SURNAME  SIMMONS | FIRST PERSONAL NAME  GREGORY | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS  2304 CHICAGO BLVD | CITY  DETROIT | STATE  MI  POSTAL CODE  48203 | COUNTRY  USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR  2b. INDIVIDUAL'S SURNAME  SIMMONS | FIRST PERSONAL NAME  MARILYN | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS  2304 CHICAGO BLVD | CITY  DETROIT | STATE  MI  POSTAL CODE  49016 | COUNTRY  USA |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR  3b. INDIVIDUAL'S SURNAME  WILLIAMS III | FIRST PERSONAL NAME  OTIS | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS  P.O. BOX 2637 | CITY  BATTLE CREEK | STATE  MI  POSTAL CODE  49016 | COUNTRY  USA |

4. COLLATERAL: This financing statement covers the following collateral:
THE HEREIN NAMED SECURED PARTY NOW PLACES THE LAWFUL LIEN ON THE PROPERTY WITH THE PARTIAL LEGAL
DESCRIPTION: N CHICAGO BLVD
954 JOY SU L32 P39-40 PLATS, W C R 10/99  50  167.50  NEZH #2006-1808, AD VALOREM PARCEL #10002727, WAYNE COUNTY
RECORDS; COMMONLY
KNOWN AS : 2304 CHICAGO BLVD, DETROIT, MICHIGAN 48206, PER PRIVATE SECURITY AGREEMENT DATED: 4/7/2016, BETWEEN
OTIS WILLIAMS
III, GREGORY A. SIMMONS AND MARILYN SIMMONS, FOR THE FULL AMOUNT OF TWENTY SEVEN THOUSAND DOLLARS and THREE
CENTS ($27,000.03
).

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☑ Agricultural Lien   ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

International Association of Commercial Administrators (IACA)

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

Bernard J. Youngblood
Wayne County Register of Deeds
2016355586                L: 53268 P: 457
10/04/2016 03:38 PM   FXF   Total Pages: 2

'16 OCT -4 PM 3:38

Michigan Department of State - Uniform Commercial Code

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

Filing Number: 20161004000117-7

Filing Date and Time: 10/04/2016 09:32 AM

Total Number of Pages: 2

( This document was filed electronically)

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Otis Williams

**B. E-MAIL CONTACT AT FILER (optional)**
dmb@netbusiness.com

**C. SEND ACKNOWLEDGEMENT TO: (Name and Address)**
Otis Williams
P.O. Box 2637
Battle Creek, MI 49016 USA

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME CORNELIUS | FIRST PERSONAL NAME ERNEST | ADDITIONAL NAME(S)/INITIAL(S) P. | SUFFIX |
| 1c. MAILING ADDRESS 16781 HUNTINGTON ROAD | CITY Detroit | STATE MI / POSTAL CODE 48219 | COUNTRY USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY):** Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | SUFFIX III |
|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME WILLIAMS | FIRST PERSONAL NAME OTIS | ADDITIONAL NAME(S)/INITIAL(S) | |
| 3c. MAILING ADDRESS P.O. BOX 2637 | CITY Battle Creek | STATE MI / POSTAL CODE 49016 | COUNTRY USA |

**4. COLLATERAL:** This financing statement covers the following collateral:
THE HEREIN NAMED SECURED PARTY PER PRIVATE AGREEMENT BETWEEN HIMSELF, OTIS WILLIAMS III AND ERNEST CORNELIUS NOW TRANSFERS AND ASSIGNS OVER TO HIMSELF THE SHERIFF DEED NUMBER 201609886, ATTACHED TO THE FIXTURE REAL ESTATE 16781 HUNTINGTON ROAD ON THE LAND OF THE MICHIGAN REPUBLIC AT LOT 2923, OF ROSEDALE PARK SUBDIVISION ON 8 ACCORDING TO THE PLAT THEREOF AS RECORDED IN LIBER 50. PAGE 89 OF PLATS. WAYNE COUNTY RECORDS. TAX PARCEL ID #22/089899, MORE COMMONLY KNOWN AS 16781 HUNTINGTON ROAD, DETROIT MICHIGAN 48219 PER PRIVATE AGREEMENT DATED JUNE 2012 BETWEEN OTIS WILLIAMS III AND CONDUIT JOSEPH JONES, FOR THE FULL AMOUNT OF ONE HUNDRED TWENTY THOUSAND DOLLARS AND ZERO CENTS ($120,000.00) AND HAS BEEN TRANSFERRED TO THE SECURED PARTY OF RECORD. AND ANY TRESPASSER WHO TRESPASSES ON THIS LIEN AND ASSIGNMENT WILL BE CHARGED FIFTY FIVE THOUSAND UNITED STATES DOLLARS AND NO CENTS ($55,000.00) WITHIN 72 HOURS AFTER BILLED. IF NOT PAID WITHIN 72 HOURS, THE TRESPASSER WILL BE LIENED FOR THE FULL AMOUNT OWED TO THE SECURED PARTY OTIS WILLIAMS III.

| | | | |
|---|---|---|---|
| 5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) | ☐ being administered by a Decedent's Personal Representative | | |
| 6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility | 6b. Check only if applicable and check only one box: ☑ Agricultural Lien ☐ Non-UCC Filing | | |
| 7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor | | | |
| 8. OPTIONAL FILER REFERENCE DATA: | | | |

# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank
because Individual Debtor name did not fit, check here ☐

9a. ORGANIZATION'S NAME

OR

9b. INDIVIDUAL'S SURNAME
**CORNELIUS**

FIRST PERSONAL NAME
**ERNEST**

ADDITIONAL NAME(S)/INITIAL(S)      SUFFIX
**P.**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name;
do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

10a. ORGANIZATION'S NAME

OR

10b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)                SUFFIX

10c. MAILING ADDRESS      CITY      STATE  POSTAL CODE      COUNTRY

11. ☐ ADDITIONAL SECURED PARTY'S NAME or ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

11a. ORGANIZATION'S NAME

OR

11b. INDIVIDUAL'S SURNAME      FIRST PERSONAL NAME      ADDITIONAL NAME(S)/INITIAL(S)  SUFFIX

11c. MAILING ADDRESS      CITY      STATE  POSTAL CODE      COUNTRY

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):

13. ☑ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the   14. This FINANCING STATEMENT:
REAL ESTATE RECORDS (if applicable)   ☐ covers timber to be cut  ☐ covers as-extracted collateral  ☐ is filed as a fixture filing

15. Name and address of a RECORD OWNER of real estate described in item 16   16. Description of real estate:
(if Debtor does not have a record interest):   **LOT 2923 OF ROSEDALE PARK SUBDIVISION ON 8, ACCORDING**
**OTIS WILLIAMS III WILLIAMS FAMILY TRUST A PRIV**   **TO THE PLAT THEREOF AS RECORDED IN LIBER 50 PAGE 89 OF**
**ATE TRUST P O BOX 2637 BATTLE CREEK MICHIGA**   **PLATS WAYNE COUNTY RECORDS TAX PARCEL ID 22089899 MO**
**N 49016**   **RE COMMONLY KNOWN AS 16781 HUNTINGTON ROAD DETROIT**
**MICHIGAN 48219**

17. MISCELLANEOUS:

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad) (Rev. 04/20/11)

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
OTIS WILLIAMS III 2696012055

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

OTS WILLIAMS III 2696012055
WILLIAMSFUNDING INC
P.O. BOX 2637
BATTLE CEEK, MI USA 49016

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| STRATEGIC GLOBAL INVESTING | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| OR 1b. INDIVIDUAL'S SURNAME | | STATE | POSTAL CODE | COUNTRY |
| | CITY DETROIT | MI | 48217 | USA |

1c. MAILING ADDRESS
2500 S SCHAEFER HWY

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| OR 2b. INDIVIDUAL'S SURNAME | | STATE | POSTAL CODE | COUNTRY |
| | CITY | | | |

2c. MAILING ADDRESS

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY):  Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX III |
| OR 3b. INDIVIDUAL'S SURNAME WILLIAMS | OTIS | STATE | POSTAL CODE | COUNTRY |
| | CITY BATTLE CREEK | MI | 49016 | USA |

3c. MAILING ADDRESS
P.O. BOX 2637

4. COLLATERAL: This financing statement covers the following collateral:
The Herein named Secured Party now places a lawful lien on the proerty legally described as:
W SCHAEFER HWY, 607 THRU 610 MARION PARK NO 1 L55 P25 PLATS, W C R 20/456 80 X 100, commonoly known
as 2500 S. Schaefer Hwy, Detroit, MI 48217, in the full amount of SIXTY THOUSAND U.S. DOLLARS and  ZERO CENTS
($60,000 U.S.D.) per private agreement.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box.          6b. Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☑ A Debtor is a Transmitting Utility     ☑ Agricultural Lien   ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
International Association of Commercial Administrators (IACA)

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Otis Williams III

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO:** (Name and Address)

Otis Williams III

P.O. BOX 2637
Battle Creek MI USA 49016

Date of Filing : 06/27/2014
Time of Filing : 03:57:00 PM
File Number    : 2014-178-5403-7
Lapse Date     : NONE

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| KING | CHRISTOPHER | N | |
| 1c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| 3990 WELLINGTON ST | INKSTER | MI / 48141 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | |
| 2c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| | | | |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| Williams | Otis | | III |
| 3c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| P.O. BOX 2637 | Battle Creek | MI / 49016 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:

Secured Party now files a lawful lien on the property legally described as a 2006 GM LIGHT ENVOY-I6, VIN NO: 1GKDT13S862233587, for the full amount of FIFTY THOUSAND DOLLARS (U.S.D.), per security agreement.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:  ☑ A Debtor is a Transmitting Utility
6b. Check only if applicable and check only one box:  ☑ Agricultural Lien  ☐ Non-UCC Filing

☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction

7. ALTERNATIVE DESIGNATION (if applicable):  ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)
PAGE 1 OF 1

International Association of Commercial Administrators (IACA)

2014-178-5403-7

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

County in which action arose: **WAYNE**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Otis Williams III

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*
Orleans Parish

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
John Van Camp, Does 1 -

County of Residence of First Listed Defendant WAYNE
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Civil Rights: ☒ 440 Other Civil Rights

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
USC 28

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE

DOCKET NUMBER

DATE 2.1.2017

SIGNATURE OF ATTORNEY OF RECORD
Otis Williams III pp

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

## PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?       ☐ Yes
                                                                          ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.        Other than stated above, are there any pending or previously    ☒ Yes
discontinued or dismissed companion cases in this or any other    ☐ No
court, including state court? (Companion cases are matters in which
it appears substantially similar evidence will be offered or the same
or related parties are present and the cases arise out of the same
transaction or occurrence.)

If yes, give the following information:

Court: _36ᵗʰ DISTRICT COURT_____

Case No.: _16-32883/LT  and  16-329148LT_____

Judge: _Pennie B Millender_____

Notes :

_____

# New Lawsuit Check List

**Instructions: Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.**

☒ Two (2) completed **Civil Cover Sheets**.

☒ Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.

24 + 2 = ~~26~~ *only 5*

___#of Defendants___ ___Total___ **Complaints.** *copies provided*

Received by Clerk: (NA)   Addresses are complete? (NA)

Case:4:17-cv-10637
Judge: Parker, Linda V.
MJ: Grand, David R.
Filed: 02-28-2017 At 04:38 PM
CMP WILLIAMS V. VAN CAMP ET AL (NA)
HERE

☐ If any of your defendants are **government agencies**:
Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General.

| **If Paying The Filing Fee:** | **If Asking That The Filing Fee Be Waived:** |
|---|---|
| ☐ Current new civil action filing fee is attached. | ☒ Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms. |
| Fees may be paid by check or money order made out to: | |
| **Clerk, U.S. District Court** | |
| Received by Clerk: _____  Receipt #:_____ | Received by Clerk: (NA) |

### Select the Method of Service you will employ to notify your defendants:

| **Service via Summons by Self** | **Service by U.S. Marshal** (Only available if fee is waived) | **Service via Waiver of Summons** (U.S. Government cannot be a defendant) |
|---|---|---|
| ☐ Two (2) completed **summonses** for each defendant including each defendant's name and address.

None

Received by Clerk: _____ | ☐ Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint.

☐ Two (2) completed **Request for Service by U.S. Marshal** form.

None

Received by Clerk: _____ | ☐ You need not submit any forms regarding the Waiver of Summons to the Clerk.

<u>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted</u>, you will need:
- One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant.
- Two (2) **Waiver of the Service of Summons** forms per defendant.

Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

**Clerk's Office Use Only**

Note any deficiencies here: *Will bring 21 copies of complaint by Friday.*
*Will bring summons Friday*

Rev. 4/13