United States District Court
EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION
To be placed under the Republic flag of peace

Otis Williams, III,
GREGORY SIMMONS
ERNEST CORNELIUS,
AUDREY ARTHUR
LAWSON LOVE
MAURICE VALENTINE
    *PLAINTIFFS*

Case:4:17-cv-10637
Judge: Parker, Linda V.
MJ: Grand, David R.
Filed: 02-28-2017 At 04:38 PM
CMP WILLIAMS V. VAN CAMP ET AL (NA)

SHARON BROOKS and Occupants,
TIFFANI DONALD and Occupants,
MIA TATE and Occupants,
JOSEPH JONES and occupants,
CHRISTOPHER KING and Occupants,
TRAVIS RUTLEDGE and Occupants,
MICHAEL DUSSEAU and Occupants,
And LOIS HELM
    *THIRD PARTY PLAINTIFFS*

Vs.

JOHN VAN CAMP, dba, PRESIDENT and CHIEF EXECUTIVE
OFFICER and TIMOTHY THORLAND, EXECUTIVE
DIRECTOR on behalf of SOUTHWEST HOUSING
SOLUTIONS, BRIAN MOYNIHAN, dba, CHAIRMAN
OF THE BOARD and CHIEF EXECUTIVE OFFICER ON
BEHALF OF BANK OF AMERICA, JAMES DIMON, MARY
CALLAHAN ERDOES and DANIEL E. PINTO, agents on behalf
Of JP MORGAN CHASE & CO., RICHARD S. ZEIMAN AND
RICHMOND INGER on behalf of MOTOR CITY PROPERTY
MANAGERS, LLC, VIJAY CIAL on behalf of RENJAY, LLC,
DUSTIN CHAPPEL dba STRATEGIC GLOBAL INVESTING, LLC,
TIMOTHY J. SLOAN on behalf of WELLS FARGO, GERALD P.
JACOB, DEAN GROUIX and SCOTT W. WEAVER on behalf of RUBICON
REALTY GROUP, JOHN MICHAEL CRYAN on behalf of
DEUTSCHE BANK, N.A., TIM O'BRIEN on behalf of SELECT
PORTFOLIO SERVICING, DAVID WORRALL and KEVIN
BRUNGARDT on behalf of ROUNDPOINT MORTGAGE
SERVICING CORPORATION, RICHARD K. DAVIS on
Behalf of US BANK, GERALD HASSELL on behalf of BANK OF
NEW YORK MELLON, DAVID BYE, BRIAN G. PEPPER,
NAJLA SHAREEF, JOHN DOES 1-100, individuals, and
JOHN DOES 1-100, corporations
    *DEFENDANTS.*

To: be placed in the venue and jurisdiction of the American Republic flag of Peace.

NOW COMES Otis Williams III, herein claimant, being first duly sworn accordingly in law being of age to contract and competent to witness, states that the facts contained herein are true, correct, complete, certain and not misleading to the best of Petitioner (s) firsthand Knowledge and belief subject to the Penalties of Perjury Pursuant to the "Laws" of the united States of America Republic, and the state of Michigan Republic. Proper jurisdiction in accordance with Rule 38(a) (b) and (c) of the Federal Rules of Civil Procedure, that jurisdiction being the law of the land.

TO WHOM ALL THESE APPLY, AND PRESENT, that I Otis Williams III secured party and creditor of all the herein named parties, per uniform commercial code sec. 1-106.6 exercises his right under common law and lawfully seeks remedy under sec 1-201(2) and (34), sec 1-106, 1, where any of the herein named conduits on behalf of the herein named Debtors/Defendants, has, in fact, unlawfully committed impermissible errors where the herein named, conduit on behalf of the herein named Debtors/Defendants, has in fact, unlawfully Violated the herein named Claimant rights as an American and as a secured party.

*I, Otis the III of the Williams family, hereby institute this Cause of Action for fraudulent activity for actual damages, statutory damages, and 'Rights Violations' under 'Due Process of Law' under 'Sham Legal Process', 'Color of Law' and 'Theft by Deception' in Unlawful Detainer and unlawful Sheriff Sale of the above named Plaintiff Williams and/or his Debtors' property (property description attached).*

*I, Otis the III of the Williams family, acerbate that any future filings in this Complaint are direct violations of Plaintiff Williams and/or his Debtors' Constitutional Rights and Amended Rights under the United States Constitution and Plaintiff Williams and/or his Debtors' applicable rights to have a trial by jury to attest to the facts of the purported debt obligation without violating Plaintiff Williams and/or his Debtors' rights under the Bill of Rights.*

## *AMENDED* COMPLAINT FOR FRADULANT ACTIVITY AND ORDER FOR PRELIMINARY INJUNCTION TO ENJOIN THE DISPOSAL, SALE OR TRANSFER OF PROPERTIES LOCATED AT 2215 CHICAGO BLVD, DETROIT, MI; 2304

<u>**CHICAGO BOULEVARD, DETROIT, MI; 20251 ASHTON, DETROIT, MI; 2500 S.
SCHAEFER RD, DETROIT, MI; 16781 HUNTINGTON RD, DETROIT, MI; 558
SHERBOURNE STREET, INKSTER, MI, 19150 BERKLEY ROAD, DETROIT, MI; 7337
WOODROW WILSON, DETROIT, MI; 15431 CRUSE, DETROIT, MI; AND 12398
HOGAN HWY, CLINTON, MI; 21465 KARL STREET, DETROIT, MI PENDING
FURTHER ORDER OF THIS COURT OF DISPOSITION OF THIS CASE**</u>

*Otis the III of the Williams family, Gregory Simmons, Ernest Cornelius, Audrey Arthur,
Lawson Love and Maurice Valentine ("Plaintiff Williams and/or his Debtors), along with the
Third Party Plaintiff Williams and/or his Debtors complaining of the Defendants, as follows:*

**JURISDICTION**

**Jurisdiction & Venue Based on the Following**

**Pursuant to USC 28 1331 \* 1441**

Pursuant to Public Law at 42 Stat 13-15 as Original Intent of Congress primae facie code USC 42
section 1983, "Chapter XXII- an Act to enforce the Provisions of the Fourteenth Amendment to the
Constitution of the United States, and for Other purposes"  Civil Rights Protections

Public Law 62 Stat 932 positive law code 28 USC section 1343, Civil Rights Violations

Public Law62 Stat 934 positive law code 28USC section 1352, Bonds Executed under Federal Law

Public Law 38 Stat 99-118 [National Banking Act] primae facie law code Title 12 Banks & Banking,
62 Stat 938 positive law code 28 USC 1442   Federal Officers Sued

Title 18 Section 241 and Section 242

The Honorable UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
MICHIGAN has Jurisdiction over the actions committed within Wayne County and Oakland
County in Michigan State concerning this REQUEST FOR JUDGMENT, AND REQUEST FOR
"QUIET TITLE" ONLY is therefore filed pursuant to the laws of the United States of America
and the laws of the Constitution for these united States of America.

**PRO SE STATUS OF PLAINTIFF WILLIAMS AND/OR HIS DEBTORS**

While Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) has

attempted to draft, file, and serve this LEGAL PROCEEDING according to his

best knowledge, information, and belief regarding his Unalienable Rights as

originally declared in the 1776 A.D., Unanimous Declaration of Independence, and

as later protected by the American Law of the Land, and its Common-Law and

American Jurisprudence, h e sincerely believes that h e can justifiably rely, if

necessary, on the old MAXIM that clearly states: **"Substance is more important than**

**Form,"** and he also believes that he can also justifiably rely on the UNITED STATES

SUPREME COURT Case, entitled, Haines v. Kerner, 1972, 404 U.S. 519, 30.L. Ed. 2d

652, 92 S. Ct, 594, 496, Reh. Den., 405 U.S. 948, 30 L. Ed. 2d 918, 92 S, Ct, 963,

which clearly states, to wit:

> *"Pro Se complaints are held to less stringent standards than formal*
> *pleadings by lawyers, and regardless of who represents the Plaintiff*
> *Williams and/or his Debtors, a motion to dismiss is not to be granted*
> *unless it appears beyond doubt that the Plaintiff Williams and/or his*
> *Debtors can prove no set of facts which would entitle them to relief."*

1) The Defendants and their representatives of JP Morgan Chase Bank N.A., Bank of America N.A., Deutsche Bank, N.A., Wells Fargo Bank N. A., Round Point Mortgage Servicing Corporation, U. S. Bank, N.A., Strategic Global Investing, LLC, and the Wayne County Treasurer entered into negotiable instrument contract with the Plaintiff Williams and/or his Debtors', Plaintiffs Cornelius, Simmons, Arthur, Love, Valentine, the Third Party Plaintiff and then later with Plaintiff Williams by default.

2) Defendants JP Morgan Chase Bank N.A., Bank of America N.A., Deutsche Bank, N.A., Wells Fargo Bank N. A., Round Point Mortgage Servicing Corporation, U. S. Bank, N.A., Bank of New York Mellon, Strategic Global Investing, LLC, and the Wayne County Treasurer later allegedly lawfully assigned the mortgage security and or property tax interests to Southwest Housing Solutions, Motor City Property Managers, RenJay, LLC, Rubicon Realty Group, LLC, and Select Portfolio Servicing Inc. and Brian G. Pepper.

3) JP Morgan Chase Bank N.A., Bank of America N.A., Deutsche Bank, N.A., Wells Fargo Bank N. A., Round Point Mortgage Servicing Corporation, U. S. Bank, N.A., Bank of New York Mellon, and Strategic Global Investing, LLC, herein have produced a note that serves as proof that they are holders of a fraudulent illegal transaction that is voidable based on the governing law of the instrument and the federal laws governing the actions carried out in respect to the instrument.

4) Wayne County Treasurer, herein have produced deeds that serves as proof that they are the holders of a fraudulent illegal transaction that is voidable based on the governing law of the instruments and the federal laws governing the actions carried out in respect to the instrument.

5) Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) asserts real defense remedy in contract against JP Morgan Chase Bank N.A., Bank of America N.A., Deutsche Bank, N.A., Wells Fargo Bank N. A., Round Point Mortgage Servicing Corporation, U. S. Bank, N.A., Bank of New York Mellon, Strategic Global Investing, LLC, and the Wayne County Treasurer and their directors, representatives, and agents along with Southwest Housing Solutions, Motor City Property Managers, RenJay, LLC, Rubicon Realty Group, LLC, Brian Pepper and Select Portfolio Servicing Inc. and their directors, representatives and agents for Fraud in the factum illegality of Transaction that renders the underlying contract [mortgage security instrument] void, and material alteration of an instrument [the note].

6) JP Morgan Chase Bank N.A., Bank of America N.A., Deutsche Bank, N.A., Wells Fargo Bank N.A., Round Point Mortgage Servicing Corporation, U. S. Bank, N.A., Bank of New York Mellon, Strategic Global Investing, LLC, and the Wayne County Treasurer are all financial Institutions subject to The National Banking Act Public Law Volume 13 38th Congress Stat 99-118.

7) The Directors, Brian Moynihan, James Dimon, Mary Callahan Erdoes, Daniel Pinto, David Worrall, Kevin Brungardt, Timothy J. Sloan, Richard Davis, Eric R. Sabree and Gerald Hassell involved in the transactions of JP Morgan Chase Bank N.A., Bank of America N.A., Deutsche Bank, N.A., Wells Fargo Bank N. A., David Warrall, Richard Brungardt and Round Point Mortgage Servicing Corporation, U. S. Bank, N.A., Bank of New York Mellon, Strategic Global Investing, LLC, and the Wayne County Treasurer along with the Directors, agents or representatives Richard Zeiman, Richmond Inger, Dustin Chappel, John Van Camp, Timothy Thorland, Vijay Cial, Gerald Jacob, Scott W. Weaver, Tim O'Brien of Southwest Housing Solutions, Motor City Property Managers, RenJay, LLC, Rubicon Realty Group, LLC, and Select Portfolio Servicing Inc., herein noted as the holders of a note/bond are oathed to abide by the laws of financial institutions stated at The

National Banking Act Public Law Volume 13 38th Congress Stat 99-118 and have violated their oath which is held at the Office of the Comptroller of Currency of the United States

8) Either the Department of the Treasury of a Federal Reserve Institution has issued bonds to the above mentioned Defendants and the United States Comptroller of the Currency has registered the bonds to the Directors of JP Morgan Chase Bank N.A., Bank of America N.A., Deutsche Bank, N.A., Wells Fargo Bank N. A., Round Point Mortgage Servicing Corporation, U. S. Bank, N.A., Strategic Global Investing, LLC, and the Wayne County Treasurer in exchange for a fraudulently endorsed negotiable instrument, where no consideration was provided to the Plaintiff Williams and/or his Debtors.

9) Directors of the previously stated financial institutions cannot prove they made a loan based on the properly following the laws of Public Law Volume 13 38th Congress Stat 99-118 which they are on record as oathed to uphold such laws or face the penal actions for their violations

10) Defendants, Najla Shareef and David Bye for fraudulently passing on negotiable instruments in the name of and on behalf of Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) to Defendant, Deutsche Bank, N.A., along with the Wayne County Third Circuit Court case no 16-010689-CH and other unknown entities or individuals at the time of filing this complaint.

11) The Plaintiff Williams and/or his Debtors, Otis Williams III, main office and/or residence is located and for diversity purposes is a citizen of Louisiana, the Plaintiff Williams and/or his Debtors, Plaintiffs Cornelius, Simmons, Arthur, Love, Valentine and all the Third-Party Plaintiff Williams and/or his Debtors (Debtors) are citizens of Michigan.

12) That the Defendants main offices and/or residences are located and for diversity purposes {Wachovia Bank v. Schmidt, 546 U.S. 303, 307; 126 S.Ct. 941; 163 L.Ed.2d 797 (2006)} are as such; Brian Moynihan and Bank of America, N.A. are citizens of Texas. John Michael Cryan and Deutsche Bank, N.A. are citizens of New York. James Dimon, Daniel E. Pinto, Mary Callahan Erdoes, and JP Morgan Chase Bank are citizens of New York. Timothy J. Sloan and Wells Fargo are citizens of California. David Warrall, Richard Brungardt and Round Point Mortgage Servicing Corporation are citizens of North Carolina. Richard K. Davis and U. S. Bank are citizens of Ohio. Tim O'Brien and Select Portfolio Servicing are citizens of Utah. Dustin Chappell and Strategic Global Investing LLC are citizens of Michigan. The Wayne County Treasurer is a citizen of Michigan. Gerald Hassell and Bank of New York Mellon are citizens of New York. John Van Camp, Timothy Thorland and Southwest Housing Solutions LLC are citizens of Michigan; Richard

Zeiman, Richmond Inger and Motor City Property Managers LLC are citizens of Michigan. Vijay Cial and RenJay, LLC are citizens of Michigan. Dean Grouix is a citizen of Michigan. Gerald P. Jacob, Scott W. Weaver and Rubicon Realty Group, LLC are citizens of Texas. Tim O'Brien and Select Portfolio Servicing are citizens of Utah. Brian G. Pepper is a citizen of Michigan. Najee Shareef is a citizen of Michigan, and David Bye is a citizen of Michigan. .

13) Under L.R. 81. I (a) and (b) and 28 U.S.C. 1332(a), the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorney fees because as part of the relief sought Plaintiff Williams and/or his Debtors.

## *INTRODUCTION*

13. *The herein named Plaintiff Williams and/or his Debtors/secured party, interest holder, disputes the title and ownership of the real properties in question located at 2215 Chicago Blvd, Detroit, MI; 2304 Chicago Boulevard, Detroit, MI; 20251 Ashton, Detroit, MI; 2500 S. Schaefer Rd, Detroit, MI; 16781 Huntington Rd, Detroit, MI; 558 Sherbourne Street, Inkster, MI, 19150 Berkley Road, Detroit, MI, 7337 Woodrow Wilson, Detroit, MI, and 15431 Cruse, Detroit, MI (the "Homes"), which is the subject of this action, in that the originating mortgage lender, and others alleged to have ownership, have unlawfully sold, assigned and/or transferred their ownership and security interest in a Promissory Note and Deeds of trust related to the Property, and, thus, do not have lawful ownership or a security interest in any of the herein named Plaintiff Williams and/or his Debtors interest in real or personal property of any of Debtors (Plaintiffs and Third-Party Plaintiffs) which is described in detail herein.*

14. *Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) further alleges that Defendants, cannot establish possession and proper transfer and/or*

*endorsement of the Promissory Note and proper assignment of the Deeds of trust herein; therefore, none of the defendants have perfected any claim of title or security interest in the Property. Defendants, do not have the ability to establish that the mortgages that secure the indebtedness, or Note, were legally or properly acquired and there is no evidence to the contrary.*

15. *Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) alleges that an actual controversy has arisen and now exists between the Plaintiff Williams and/or his Debtors, Third Party Plaintiff Williams and/or his Debtors and Defendants.*

16. Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) by right per default of the herein named Defendants took title to subject private land and real estate between the years 2011 and 2016, by way of a "UCC fixtures liens and real estate liens filed in the real estate department of the uniform commercial code division per PRIVATE DEFAULT AGREEMENT between the herein named claimant and defendants, It is well-settled American law and Jurisprudence that a lending bank must comply with all lawful banking regulations, generally accepted accounting practices (GAAP), and all lawful Securities regulations when participating in the corporate, governmentally granted privilege to create new money funds by monetizing the borrower's signature, according to the Federal Reserve's own booklet, Modern Money Mechanics.

17. It is well-settled American law and Jurisprudence that a lender must fully disclose ALL terms and conditions of a loan to borrower for borrower to knowingly, willingly, intentionally and voluntarily agree to all conditions, fully disclosed, in any

contract with a lender for the alleged loan to be valid.

**Plaintiff Williams and/or his Debtors' substantial rights and equitable interest Have been impaired and impeded upon by an adjudication Concerning a property for which Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) has perfected a Security agreement UCC 1 Lien on all personal and real property related to each of his DEBTOR'S, giving him Superior Equitable Interest over those Interest claimed by the EACH Defendant to this cause of action.**

At no time did any of the herein named Defendants engage in or act in good faith to contact (after NOTICE of his interest was served on each named Defendant), Otis Williams III to accord him a fair and equal opportunity to assert and represent his interest in the property that is the cause of this action.

At no time and nowhere in the Defendant's pleadings and/or documents is the name Otis Williams III mentioned. Neither party to the original action against the Plaintiff Williams and/or his Debtors/secured party's DEBTORS accorded Court records, at the least, judicial notice that there may have been other interested parties concerning the property. It is the reasonable and fact support claim of the Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) Otis Williams III that he was denied that ability to defend his interest in his property, and his rights and interest impaired and impeded.

18. *Otis Williams III holds right, title and interest to the property's Each Defendant claims a higher title to, which is the reason of this controversy. Any judgment of foreclosure which was the basis for some Defendants claim of title is void on its face, due to the fact that they did not acquire good title. The herein named Defendants standing to bring suit of foreclosure against a PARTY Even if a named Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) had standing to bring a foreclosure suit against a PARTY The putative judgment would still be void as The herein named Defendant (s) failed to honor the herein named Plaintiff Williams and/or his Debtors/Secured Party's contract agreements with Debtors (Plaintiffs and Third-Party Plaintiffs) and DID NOT PAY THE Plaintiff Williams and/or his Debtors/Secured party Otis Williams III, the amounts owed to him.*

19. *Foreclosure must produce the original promissory note: in a mortgage foreclosure, complaining party must (1). Prove standing by possession of the original promissory*

*note, and (2). Must prove damages by appearance of a competent fact witness: Where the complaining party cannot prove the existence of the note, then there is no note. To recover on a promissory note, the Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) must prove: (1) the existence of the note in question; (2) that the party sued signed the note; (3) that the Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) is the owner or holder of the note; and (4) that a certain balance is due and owing on the note. See In Re: SMS Financial LLC. v. Abco Homes, Inc. No.98-50117 February 18, 1999 (5th Circuit Court of Appeals.), Volume 29 of the New Jersey Practice Series, Chapter 10 Section 123, page 566, emphatically states, "...; and no part payments should be made on the bond or note unless the person to whom payment is made is able to produce the bond or note and the part payments are endorsed thereon. It would seem that the mortgagor would normally have a Common law right to demand production or surrender of the bond or note and mortgage, as the case may be. See Restatement, Contracts S 170(3), (4) (1932); C.J.S. Mortgages S 469, in Carnegie Bank v, Shalleck 256 N.J. Super 23 (App. Div. 1992), the Appellate Division held, "When the underlying mortgage is evidenced by an instrument meeting the criteria for negotiability set forth in N.J.S. 12A:3-104, the holder of the instrument shall be afforded all the rights and protections provided a holder in due course pursuant to N.J.S. 12A:3-302" Since no one is able to produce the "instrument" there is no competent evidence before the Court that any party is the holder of the alleged note or the true holder in due course. New Jersey common law dictates that the Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) prove the existence*

*of the alleged note in question, prove that the party sued signed the alleged note, prove that the Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) is the owner and holder of the alleged note, and prove that certain balance is due and owing on any alleged note. Federal Circuit Courts have ruled that the only way to prove the perfection of any security is by actual possession of the security. See Matter of Staff Mortgage. & Inv. Corp., 550 F.2d 1228 (9th Cir 1977). "Under the Uniform Commercial Code, the only notice sufficient to inform all interested parties that a security interest in instruments has been perfected is actual possession by the secured party, his agent or Bailee/bailer, (Otis; Williams III has possession) Bankruptcy Courts have followed the Uniform Commercial Code. In Re Investors & Lenders, Ltd. 165 B.R. 389 (Bkrtcy.D.N.J.1994), "Under the New Jersey Uniform Commercial Code (NJUCC), promissory note is "instrument," security interest in which must be perfected by possession ..." Unequivocally the Court's rule is that in order to prove the "instrument", possession is mandatory.*

20. *It is a fact that the herein named Defendants, its agents and co-parties are committing omitting knowledge in Bad Faith, Fraud Conspiracy, Undue Enrichment, Aiding and Abetting, Willful and Wanton, Irreparable Harm, with Malice and Foresight, Conversion, Commercial War, Commercial Credit Slander and continuous torts.*

21. *Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) further alleges that the Defendants, specifically trespassed and violated his rights and the rights of Debtors (Plaintiffs and Third-Party Plaintiffs) (Plaintiff Williams and/or his Debtors and third*

party Plaintiff Williams and/or his Debtors) intentionally.  These Defendants with the assistance of others, transferred real estate without consulting with Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) prior to this illegal and forceful transfer. In addition, the Defendants used the legal system to illegally evict his debtors, Third-Party Plaintiffs BROOKS, TATE, DONALD JONES, DUSSEAU, RUTLEDGE, and HELM from many of the real estate properties. Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) has requested that the actions of the Defendants be reversed but has yet done so at the time of filing this action. Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) also seeks redress from Defendants identified herein below for damages, for other injunctive relief, and for cancellation of written instruments based upon:

a. An invalid and unperfected security interest in the real estate and land that Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) has interest in hereinafter described;

b. Void "True Sale(s)" violating Michigan Law and express terms of the Pooling and Servicing Agreement ("PSA") governing the securitization of Plaintiff Williams and/or his Debtors' mortgage, which is a Trust Agreement required to be filed under penalty of perjury with the United States Securities and Exchange Commission ("SEC") and which, along with another document, the Mortgage Loan Purchase Agreement ("MLPA"), is the operative securitization document created by the finance and securitization industry to memorialize securitization transactions (see further discussion of the PSA herein);

c. An incomplete and ineffectual perfection of a security interest in Plaintiff Williams and/or his Debtors' property;

d. *Violations of Michigan Compiled Law 445.903 (Unfair Business Practices) and*

e. *A void or voidable Deeds of trust due to improper securitization, for which there is a reasonable apprehension that, if left outstanding, may cause a serious injury.*

22. *AS OF THIS DATE OF THE FILING OF THIS COMPLAINT, PLAINTIFF WILLIAMS AND/OR DEBTORS (PLAINTIFFS AND THIRD-PARTY PLAINTIFFS) STATES UPON INFORMATION AND BELIEF THAT DEFENDANTS HAVE NOT FILED A CIVIL ACTION FOR POSSESSION IN ANY LOWER COURT against Debtors (Plaintiff Williams and/or his Debtors and Third Party Plaintiffs), Co- Plaintiffs CORNELIUS, VALENTINE, KING, ARTHUR, and LOVE.  HOWEVER that immediate and irreparable harm will come to the "Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) and the Third Party Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) as a result of the BELOW DESCRIBED ACTS and wrongful conduct of the Defendants, unless this Honorable Court issues an Order to enjoin the transfer, disposal or sale of Plaintiff Williams and on behalf of his Debtor's property until further Order of this Court and/or an Order staying any lower court judgment/order of eviction or writ of order of eviction.*

a. *The "Plaintiff Williams and/or his Debtors", pursuant to the Fair Debt Collection Practices Act § 809.  Validation of debts (15 USC 1692g), wrote Defendant letters requesting they validate the debt, and Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) is/was entitled to this information and accordingly followed the requirements of § 809.  Validation of debts  (15 USC1692g), and did,*

    1. *write the Defendant, and*

    2. *request that the defendant "validate" the debt Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) written letter(s) requesting Defendant validate the debt were inclusive of requesting Defendants to provide a "detailed accounting and a tracking" of when, where, how the Plaintiff Williams and/or*

*Debtors (Plaintiffs and Third-Party Plaintiffs) monthly mortgage payments and "charges and fees" were added on to Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) account, and "were calculated" posted , and by whom.*

b. *The Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) received no response from sending the above referred letters requesting validation, and*

    1. *Defendants failed to validate the debt,*

    2. *Ignored the request to validate made by "Plaintiff Williams and/or his Debtors*

    3. *Ignored the federal statute and its prohibited acts regarding such,*

c. *"Defendants" were to cease all collection activity upon receipt of that letter and were not allowed and prohibited from starting any foreclosure, instituting Sheriffs Sale, and commencing any civil action against Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) . . . . . under prohibited acts of § 809 Validation of debts (15 USC 1692.*

d. *The Statute 15 USC 1692g and the United States Court of Appeals, and an Indiana Court of Appeals ruling further established additional requirements that "Defendants are not allowed to collect, continue to proceed, or file any civil action if they fail to validate the debt.*

    1. *In Spears v Brennam  (Brennam was a defendants collection attorney), the Court of appeals ruled as follows:*

    *"Finally, we address Spears" claim that Brennan violated 15 U.S.C. 1692g(b) when he failed to cease collection of the debt after receiving Spears' written notification within the thirty-day debt validation period that Spears was disputing the debt" 15 U.S.C. 1692G(b) reads:*

    *If the consumer notifies the debt collector in writing within the thirty day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of*

*such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.*

## THE PARTIES

23. *Plaintiff Williams is now, and at all times relevant to this action, and domiciled in the Orleans Parish (county) of Louisiana, and the Michigan republic.*

24. *Plaintiffs CORNELIUS, VALENTINE, KING, ARTHUR, and LOVE is now, and at all times relevant to this action and domiciled in the County of Wayne of the Michigan republic.*

25. *Third Party Plaintiffs BROOKS, TATE, DONALD, RUTLEDGE and JONES, is now and at all times relevant to this action and domiciled in the County of Wayne of the Michigan republic.*

26. *Third Party DUSSEAU and HELM is not and at all times relevant to this action and domiciled in the /county of Lenawee of the Michigan republic.*

27. *Defendants, is (was) are doing business in the State of Michigan. Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) is further informed and believes, and thereon alleges, that DEFENDANTS are the Originators of the loan and/or purported participant in the imperfect securitization of the Note (incorporated by reference herein) and/or Deeds of trust, (incorporated by reference herein), as more particularly described in this Complaint. Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) is further informed and believes that DEFENDANTS is a participant in fraud in the origination of the note.*

28. *Some of the herein named Defendants, are a National Banking Association, doing business in the UNITED STATES. Plaintiff Williams and/or Debtors (Plaintiffs and*

*Third-Party Plaintiffs) is further informed and believes, and thereon alleges, that THE DEFENDANTS, are the present purported Master Servicer of the mortgage herein and/or are a purported participant in the imperfect securitization of the Note (incorporated by reference herein) and/or the Deeds of trust, (incorporated by reference herein), as more particularly described in this Complaint.*

29. *Some of the herein named Defendants, Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) are informed and believes, and thereon alleges, are a state debt collection agency doing business in the State of Michigan and are the purported Foreclosure Trustee of the mortgage herein and/or a purported participant in the imperfect securitization of the Note and/or the Deeds of trust as more particularly described in this complaint.*

30. *Some of the herein named Defendants, Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) are informed and believes, and thereon alleges, are a domestic limited liability company doing business in the State of Michigan Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) is further informed and believes, and thereon alleges, that Defendants are the purported Beneficiary under the Deeds of trust and/or are a purported participant in the imperfect securitization of the Note and/or the Deeds of trust, as more particularly described in this Complaint.*

31. *Some of the herein named Defendants, Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) are informed and believes, and thereon alleges, are individuals doing business in the State of Michigan and are the purported agents of*

*the corporations herein and/or a purported participant in the illegal transfer of assets as more particularly described in this complaint.*

32. *Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint ventures of the remaining Defendants, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture.*

33. *The Properties (Homes) are located within the United States.*

### *FACTUAL ALLEGATIONS*

34. *FACT 1. Real estate is a document recording system, the Uniform Commercial Code is also a notice and document filing system. The herein named Plaintiff, Otis Williams III/Secured Party is not a licensed attorney nor a licensed real estate agent, but has some form of education where reading is a subject. It is a fact that real estate and UCC laws put the public on notice about different types of transactions, but the ways they do this are very different. Recording a real estate document means literally that the original document representing the transaction-the deed, mortgage, etc.-is placed in the public record at the recording office. Therefore, anyone who has a need to know about the transaction can read the actual documents in the entirety.*

35. *FACT 2. Real estate is an asset-based system-UCC is a liability and asset-based system. The old cliché is that no more real estate is being made; that's an important distinction between real estate law and the uniform commercial code. Each local record office has under its responsibility a certain area of land each piece of which*

*is identifiable on its records. Therefore, every document recorded points in some way, direct or indirect, to specific known parcels of land. Which we can say that real estate and the UCC recording are lawful asset-based, Documents/Instruments. The Plaintiff Williams secured party Otis; Williams III has in fact recorded such instruments in which the herein named Defendants have in fact ignored these lawfully registered documents as to say that another hard working American business man using such Commercial information and systems of business must be a officer of the court, a Bank , mortgage or a Loan Company, this is surely Not a good Faith action but rather a contractual interference and dishonesty dishonor and disrespect to the UNIFORM Law Commissioners. Who are all attorneys, qualified to practice law, including state and federal judges, legislators and law professors from throughout the United States.*

36. *FACT 3. Real estate law consists of sometimes loosely related statutes that vary widely from state to state whereas UCC law consists of state variations on a compact and statutes nationally promulgated model act.*

37. *Under the UCC, a financing statement is usually said to be "filed." This financing statement is not the transaction itself, but rather a summary of the transactions intended to notify the public in a general way that the secured party is placing a lien on an specific property of the debtor, the UCC-3 assignment deals with transactions*

38. *I can understand the herein Defendants, lack of knowledge of the UCC law as a whole, due to the fact that there is a lack of uniformity in the uniform commercial code because many states, at/or are in the process of enacting their own version of the model act, have amended the model act in a variety of ways that confuses and*

*confounds even UCC documentation professionals. The simplest way to compare real estate statutes and the uniform commercial code (UCC) is to say that the UCC is to personal and real property as to mortgages/trust deeds are to real property. It is fair to say that the security agreement behind each UCC transaction is the practical equivalent of the mortgage behind each real estate loan. Each of these agrees with one another.*

39. *It is a fact that NO AGREEMENT/ CONTRACT private or PUBLIC exist between the Otis Williams III and Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) that was drafted by the Defendant (s) and the herein named Plaintiff Williams and/or his Debtors, Otis Williams III nor Signed and/or Registered that can BIND the Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) Otis Williams III.*

37. *Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) executed a series of documents, including but not limited to a Note and Deeds of trust, securing the Property in the amount of note. The original beneficiary and nominee under the Deeds of trust was DEFENDANTS.*

38. *Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) is informed and believes, and thereon alleges, that this loan was securitized, with the Note not being properly transferred to Defendants, THE DEFENDANTS, acting as the Trustee for the Securitized Trust. As set forth herein above, the Securitized Trust was formed by execution of the PSA.*

39. *Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) is informed and believes, and thereon alleges, that the purchase mortgage on the Properties, the debt or obligation evidenced by the Note and the Deeds of trust executed in favor of the original lender*

*and other Defendants, regarding the Property, was not properly assigned and transferred to Defendants operating the pooled mortgage funds or trusts in accordance with the PSA of the entities making and receiving the purported assignments to this trust, and believes there is no valid evidence to the contrary.*

*40. Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) alleges that the PSA requires that each Note or Deeds of trust had to be endorsed and assigned, respectively, to the trust and executed by multiple intervening parties before it reached the Trust. Here, neither the Note nor the Deeds of trust was assigned to the Securitized Trust by the closing date. Therefore, under the PSA, any assignments of the Deeds of trust beyond the specified closing date for the Trust are void.*

*41. Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) further alleges that even if the Deeds of trust had been transferred into the Trust by the closing date, the transaction is still void as the Note would not have been transferred according to the requirements of the PSA, since the PSA requires a complete and unbroken chain of transfers and assignments to and from each intervening party. Documents filed with the SEC by the securitization participants allegedly claim that the Note and Deeds of trust at issue in this case were sold, transferred and securitized by Defendants, with other loans and mortgages, as with Freddie Mac mortgages in similar PSA's such as SERIES 2005-3, which is a Common Law Trust formed pursuant to New York law. A copy of the Prospectus Supplement can be found at the site indicated below.*

*42. Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) is informed and believes, and thereon alleges, that PSA's such as SERIES 2005-3 had no officers or directors and no continuing duties other than to hold assets and to issue the series of certificates*

*of investment as described in the Prospectus identified herein below. A detailed description of the mortgage loans which form the Trust SERIES 2005-3 is included in Form 424B5 ("the Prospectus"), which has been duly filed with the SEC and which can be accessed through the below mentioned footnote.[1]*

[1] *http://www.sec.gov/Archives/edgar/data/815018/000116231807000567/m0565424b5.htm*

*43. Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) also alleges that the Note was secured by the Deeds of trust. Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) alleges that as of the date of the filing of this Complaint, the Deeds of trust had not been legally assigned to any other party or entity, and believes there is no valid evidence to the contrary.*

*44. Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) is informed and believes, that THE DEFENDANTS, alleges that they are the "holder and owner" of the Note and the beneficiary of the Deeds of trust. However, the Note and Deeds of trust identify the mortgagee and note holder as the original lending institution or Mortgage Originator. Documents state that the original lender allegedly assigned the mortgage loan to THE DEFENDANTS, and believes there is no valid evidence to the contrary.*

*45. Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) further alleges that no documents or records can be produced that demonstrate that prior to the assignment date, the Note was duly endorsed, transferred and delivered to THE DEFENDANTS, including all intervening transfers. Nor can any documents or records be produced that demonstrate that prior to the assignment date, the Deeds of trust was duly assigned, transferred and delivered to THE DEFENDANTS, including all intervening assignments, and believes there is no valid evidence to the contrary.*

*46. The link to the SEC and the various documents filed with the SEC regarding the Note are: SEC Website: http://www.sec.gov.*

*47. Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) is further informed and believes, and thereon alleges, that the purported assignments and transfers of Plaintiff Williams and/or his Debtor's debt or obligation did not comply with Michigan law, and/or other laws and statutes, and, thus, do not constitute valid and enforceable "True Sales." Any security interest in the Property was, thus, never perfected. The alleged holder of the Note is not the beneficiary of the Deeds of trust. The alleged beneficiary of Plaintiff Williams and/or his Debtors' Deeds of trust does not have the requisite title, perfected security interest or standing to proceed; and/or is not the real party in interest with regard to any action taken or to be taken against the Property, and believes there is no valid evidence to the contrary.*

*48. Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) is also informed and believes, and thereon alleges, that at all times herein mentioned, and any assignment of a Deeds of trust without proper transfer of the obligation that it secures is a legal nullity, and believes there is no valid evidence to the contrary.*

*49. As set forth hereinabove, Defendants, violated the express terms of the PSA which is a Trust Agreement and which, along with another document, the Mortgage Loan Purchase Agreement, is the operative securitization document created by the finance and securitization industry to memorialize a particular securitization transaction. The PSA specifies the rights and obligations of each party to the securitization transaction to each other, and is a public document on file with the SEC. More specifically, the PSA requires strict compliance with its procedures and timelines in order for the parties to achieve their specific objectives.*

*50. Securitization is the process whereby mortgage loans are turned into securities, or bonds, and sold to investors by Wall Street and other firms. The purpose is to provide a large supply of money to lenders for originating loans, and to provide investments to bond holders which were expected to be relatively safe. The procedure for selling of the loans was to create a situation whereby certain tax laws known as the Real Estate Mortgage Investment Conduit (hereinafter "REMIC") Act was observed, and whereby the Issuing Entities and the Lenders would be protected from either entity going into bankruptcy. In order to achieve the desired "bankruptcy remoteness," two "True Sales" of the loans had to occur, in which loans were sold and transferred to the different parties to the securitization.*

*51. A "True Sale" of the loan would be a circumstance whereby one party owned the Note and then sold it to another party. An offer would be made, accepted and compensation given to the "seller" in return for the Note. The Notes would be transferred, and the Deeds of Trust assigned to the buyers of the Note, with an Assignment made every step of the way, and, furthermore, each Note would be endorsed to the next party by the previous assignee of record.*

*52. In order for the Trustee of the Securitized Trust to have a valid and enforceable secured claim against Plaintiff Williams and/or his Debtors' properties, the Trustee must prove and certify to all parties that, among other things required under the PSA:*

*a. There was a complete and unbroken chain of endorsements and transfers of the Note from and to each party to the securitization transaction (which should be from the (A) Mortgage Originator to the (B) Sponsor to the (C) Depositor to the (D) Trust, and that all of these endorsements and transfers were completed prior to the Trust closing dates (see discussion below); and*

*b. The Trustee of the Securitized Trust had actual physical possession of the Note at that point in time, when all endorsements and assignments had been completed. Absent such proof, Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) alleges that the Trust cannot demonstrate that it had perfected its security interest in Plaintiff Williams and/or his Debtors' property (ies) that is the subject of this action. Therefore, if the Defendants, did not hold and possess the Note on or before the closing date of the Trust herein, they are estopped and precluded from asserting any secured or unsecured claim in this case.*

*53. Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) is informed and believes, and thereon alleges, that pursuant to the terms of the PSA, the Mortgage Originator (i.e., the original lender herein) agreed to transfer and endorse to the Trustee for the Securitized Trust, without recourse, including all intervening transfers and assignments, all of its right, title and interest in and to the mortgage loan (Note) of Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) herein and all other mortgage loans identified in the PSA, and believes there is no valid evidence to the contrary.*

*54. Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) is further informed and believes, and thereon alleges, that the PSA provides that the transfers and assignments are absolute, were made for valuable consideration, to wit, in exchange for the certificates described in the PSA, and were intended by the parties to be a bona fide or "True Sale." Since, as alleged herein below, True Sales did not actually occur, Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) alleges that the Defendants Trustees are estopped and precluded from asserting any secured or unsecured claim in this case, and believes there is no valid evidence to the contrary.*

55. *Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) is further informed and believes, and thereon alleges, that as a result of the PSA and other documents signed under oath in relation thereto, the Mortgage Originator, sponsor and Depositor are estopped from claiming any interest in the Note that is allegedly secured by the Deeds of trust on Plaintiff Williams and/or his Debtors' property (ies) herein, and believes there is no valid evidence to the contrary.*

56. *Based upon the foregoing, Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) is further informed and believes, and thereon alleges, that the following deficiencies exist, in the "True Sale" and securitization process as to this Deeds of trust which renders invalid any security interest in the Plaintiff Williams and/or his Debtors' mortgage, including, but not limited to:*

    *a. The splitting or separation of title, ownership and interest in Plaintiff Williams and/or his Debtors' Note and Deeds of trust of which the original lender is the holder, owner and beneficiary of Plaintiff Williams and/or his Debtors' Deeds of trust;*

    *b. When the loan was sold to each intervening entity, there were no Assignments of the Deeds of trust to or from any intervening entity at the time of the sale. Therefore, "True Sales" could not and did not occur;*

    *c. The failure to assign and transfer the beneficial interest in Plaintiff Williams and/or his Debtors' Deeds of trust to THE DEFENDANTS, in accordance with the PSA of the Defendants, as Securitization Participants;*

    *d. The failure to endorse, assign and transfer Plaintiff Williams and/or his Debtors' Note and/or mortgage to the DEFENDANTS, as Trustee, in accordance with the PSA;*

*e. No Assignments of Beneficiary or Endorsements of the Note to each of the intervening entities in the transaction ever occurred, which is conclusive proof that no true sales occurred as required under the PSA filed with the SEC; and*

*f. Defendants, violated the pertinent terms of the PSA.*

57. *Plaintiff Williams and/or his Debtors, therefore, alleges, upon information and belief, that none of the parties to neither the securitization transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiff Williams and/or his Debtors' estates, and believes there is no valid evidence to the contrary.*

### FIRST CAUSE OF ACTION
### LACK OF STANDING TO FORECLOSE

58. *An actual controversy has arisen and now exists between Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) and Defendants specified hereinabove, regarding their respective rights and duties, in that Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) contends that Defendants, do not have the right to foreclose on the Properties because Defendants, have failed to perfect any security interest in the Property. Thus, the purported power of sale or transfer by the above specified Defendants, no longer applies. Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) further contends that the above specified Defendants, do not have the right to transfer or foreclose on the Property because said Defendants, did not properly comply with the terms of Defendants' own securitization requirements and falsely or fraudulently prepared documents required for Defendants, to foreclose as a calculated and fraudulent business practice, and believes there is no valid evidence to the contrary.*

59. *Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) is informed and believes and there upon allege that the only individual who has standing to foreclose is the holder of the note because they have a beneficial interest. The only individuals who are the holder of the note are the certificate holders of the securitized trust because they are the end users and pay taxes on their interest gains; furthermore, all of the banks in the middle were paid in full, and believes there is no valid evidence to the contrary.*

60. *Plaintiff Williams and Debtors (Plaintiffs and Third-Party Plaintiffs) requests that this Court find that the purported power of sale contained in the Note and Deeds of trust has no force and effect at this time, because Defendants' actions in the processing, handling and unlawful foreclosure of this loan involved numerous fraudulent, false, deceptive and misleading practices, including, but not limited to, violations of Federally guaranteed Rights through Amendments 4, 5, 7, 14, and Michigan State Constitutional Rights as guaranteed by ARTICLE I § 11, I § 14, AND I § 17, at a minimum; and other state laws designed to protect borrowers, which has directly caused the Plaintiff Williams and/or his Debtors (Plaintiffs and Third-Party Plaintiffs) herein named secured party's DEBTOR'S to be at an equitable disadvantage to Defendants, Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) further requests that title to the Property remain in its name, with said Deeds of trust remaining in beneficiaries' name, during the pendency of this litigation, and deem that any prior or future sale of the Property is "unlawful and void" were payable to and the Note, therefore, cannot be transferred unless it is endorsed, and Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) believes there is no valid evidence to the contrary.*

61. *By false or fraudulent documents, said unlawful foreclosure action and the transferring of Plaintiff Williams and/or his Debtors' assets has caused and continues to cause*

*Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) and the Third Party Plaintiff Williams and/or his Debtors great and irreparable injury in that real property is unique, and there is no valid evidence to the contrary.*

## SECOND CAUSE OF ACTION
## FRAUD IN THE CONCEALMENT

*62. Defendants except for the Wayne County Treasurer concealed the fact that the Loans were securitized as well as the terms of the Securitization Agreements, including, inter alia: (1) Financial Incentives paid; (2) existence of Credit Enhancement Agreements, and (3) existence of Acquisition Provisions. By concealing the securitization, Defendants concealed the fact that Borrower's loan changed in character inasmuch as no single party would hold the Note but rather the Notes would be included in a pool with other Notes, split into tranches, and multiple investors would effectively buy shares of the income stream from the loans. Changing the character of the loan in this way had a materially negative effect on Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) that was known by Defendants but not disclosed, and believes there is no valid evidence to the contrary. Defendants knew or should have known that had the truth been disclosed, Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) would not have entered into the Loans. Defendants intended to induce the Plaintiff Williams and/or his DEBTOR'S based on these misrepresentations and improper disclosures.*

*63. Some of the Defendants herein concealed and ignored the fact that Plaintiff Williams and/or his Debtors perfected interest was indeed in place and valid at the time of their illegal actions. The Defendants neglected to follow due diligence in notifying Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) of any actions such as transferring to other entity*

or individuals, foreclosure, etc. in that they were taking against the properties (Homes) of the Plaintiff Williams and/or his Debtors.  This act was a direct insult to Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) and his debtors.

64.   Plaintiff   Williams   and/or   his   DEBTOR'S   reasonable   reliance   upon   the misrepresentations was detrimental. But for failure to disclose the true and material terms of the transaction, Plaintiff Williams and/or his DEBTOR'S could have been alerted to issues of concern. Plaintiff Williams and/or his DEBTOR'S would have known of Defendants true intentions and profits from the proposed risky loan.

Defendants were aware of the misrepresentations and profited from them, and there is no valid evidence to the contrary.

65. As a direct and proximate result of the misrepresentations and concealment, Defendants is guilty of malice, fraud and/or oppression. Defendants' actions were malicious and done willfully in conscious disregard of the rights and safety of Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) in that the actions were calculated to injure Plaintiff Williams and/or his Debtors. As such Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter defendants from engaging in future misconduct.

### THIRD CAUSE OF ACTION
### FRAUD IN THE INDUCEMENT

66.  Defendants,  intentionally  misrepresented  to  Plaintiff  Williams  and/or  his DEBTOR'S that the Defendants was entitled to exercise the transfer or the power of sale provision contained in the Deeds of trust. In fact, Defendants was not entitled to do so and have no legal, equitable, or actual beneficial interest whatsoever in the Property.

67. *Defendants misrepresented that they are the "holder and owner" of the Note and the beneficiary of the Deeds of trust. However, this was not true and was a misrepresentation of material fact. Documents state that the original lender allegedly assigned the mortgage loan to the Defendants. Defendants was attempting to collect on a debt to which they have no legal, equitable, or pecuniary interest in. This type of conduct is outrageous. Defendants are fraudulently foreclosing on the Property which they have no monetary or pecuniary interest; there is no valid evidence to the contrary.*

68. *Defendant's failure to disclose the material terms of the transaction induced Plaintiff Williams and/or his Debtors (Plaintiffs and Third-Party Plaintiffs) to enter into the loans and accept the Services as alleged herein.*

*The material misrepresentations were made by Defendants with the intent to cause Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) to reasonably rely on the misrepresentation in order to induce the Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) to rely on the misrepresentations and foreclosure on the Property. This material misrepresentation was made with the purpose of initiating the securitization process as illustrated above, in order to profit from the sale of the Property by selling the note to sponsors who then pool the note and sell it to investors on Wall Street, and there is no valid evidence to the contrary.*

*Defendants was aware of the misrepresentations and profited from them.*

69. *As a direct and proximate result of the misrepresentations and concealment from the Plaintiff Williams and/or his DEBTOR'S was damaged in an amount to be proven at trial, including but not limited to costs of Loan, damage to Plaintiff Williams and/or his Debtors' (Plaintiffs and Third-Party Plaintiffs) financial security, emotional distress, and Plaintiff*

*Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) has incurred costs and legal fees.*

*70. Defendants are guilty of malice, fraud and/or oppression. Defendant's actions were malicious and done willfully in conscious disregard of the rights and safety of Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) in that the actions were calculated to injure Plaintiff Williams and/or his Debtors. As such Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter them from engaging in future misconduct, and there is no valid evidence to the contrary.*

### FOURTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*71. The actions of Defendants, as set forth herein, have resulted in the Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) being threatened with the loss of their rights in real property, land or personal property.*

*72. This outcome has been created without any right or privilege on the part of the Defendants, and, as such, their actions constitute outrageous or reckless conduct on the part of Defendants.*

*73. Defendants intentionally, knowingly and recklessly misrepresented to the Plaintiff Williams and/or his DEBTOR'S that Defendants was entitled to exercise the power of sale provision contained in the Deeds of trust. In fact, Defendants was not entitled to do so and have no legal, equitable, or actual beneficial interest whatsoever in the Property, and there is no valid evidence to the contrary.*

74. *Defendants conduct – fraudulently attempting to foreclose on a property in which defendants has no right, title, or interest – is so outrageous and extreme that it exceeds all bounds which are usually tolerated in a civilized community.*

75. *Such conduct was undertaken with the specific intent of inflicting emotional distress on the Plaintiff Williams and/or his Debtors, such that Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) would be so emotionally distressed and debilitated that he/she would be unable to exercise legal rights in the Property; the right to title of the Property, the right to verify the alleged debt that Defendants are attempting to collect, and right to clear title to the Property such that said title will regain its marketability and value, and there is no valid evidence to the contrary.*

76. *At the time Defendants began their fraudulent foreclosure proceedings, Defendants was not acting in good faith while attempting to collect on the subject debt. Defendants committed the acts set forth above with complete; utter and reckless disregard of the probability of causing Homeowners to suffer severe emotional distress.*

77. *As an actual and proximate cause of Defendants' attempt to fraudulently foreclose on properties that the Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) has interest in, the Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) has suffered severe emotional distress, including but not limited to lack of sleep, anxiety, and depression, and there is no valid evidence to the contrary.*

78. *As a proximate cause of Defendants' conduct, Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) has experienced many sleepless nights, severe depression, lack of appetite, loss of productivity, and enjoyment of life and in most cases, loss of valuables.*

79. *The conduct of Defendants, as herein described, was so vile, base, contemptible, miserable, wretched, and loathsome that it would be looked down upon and despised by ordinary people. Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) is therefore entitled to punitive damages in an amount appropriate to punish Defendants and to deter other from engaging in similar conduct, and there is no valid evidence to the contrary.*

### *FIFTH CAUSE OF ACTION*
### *SLANDER OF TITLE*

80. *Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) incorporates here each and every allegation set forth above. Defendants, disparaged Plaintiff Williams and/or his Debtors' exclusive valid title by and through the preparing, posting, publishing, and recording of the documents previously described herein, including, but not limited to, the Notice of Claim of Interest, Notice to Cease and Desist, Notice of Default, Notice of Trustee's Sale, Warranty Deeds, Quit Claim Deeds and Trustee's Deed.*

81. *Said Defendants knew or should have known that such documents were improper in that at the time of the execution and delivery of said documents, Defendants had no right, title, or interest in the Property. These documents were naturally and commonly to be interpreted as denying, disparaging, and casting doubt upon Plaintiff Williams and/or his Debtors' legal title to the Property. By posting, publishing, and recording said documents, Defendants' disparagement of Plaintiff Williams and/or his Debtors' legal title was made to the world at large, and there is no valid evidence to the contrary.*

82. *As a direct and proximate result of Defendants' conduct in publishing these documents, Plaintiff Williams and/or his Debtors' title to the Property has been disparaged and slandered, and there is a cloud on Plaintiff Williams and/or his Debtors' title, and Plaintiff*

Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) has suffered, and continues to suffer, damages in an amount to be proved at trial.

83. As a further proximate result of Defendants' conduct, Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) has incurred expenses in order to clear title to the Property. Moreover, these expenses are continuing, and Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) will incur additional charges for such purpose until the cloud on Plaintiff Williams and/or his Debtors' title to the property has been removed. The amounts of future expenses and damages are not ascertainable at this time.

84. As a further direct and proximate result of Defendants' conduct, Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) has suffered humiliation, mental anguish, anxiety, depression, and emotional and physical distress, resulting in the loss of sleep and other injuries to his health and well-being, and continues to suffer such injuries on an ongoing basis. The amount of such damages shall be proven at trial.

85. At the time that the false and disparaging documents were created and published by the Defendants, Defendants knew the documents were false and created and published them with the malicious intent to injure Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) and Debtors (Plaintiffs and Third-Party Plaintiffs) and deprive them of their exclusive right to title of the assets and homes.

## FIRST CAUSE OF ACTION

1. For Compensatory Damages in an amount $50,000

2. For Special Damages in an amount $50,000

3. For General Damages in an amount $50,000

4 .For Punitive Damages in the amount $200,000

a. Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) are the prevailing party;

b. The Trustees of the Trusts have no enforceable secured or unsecured claim against the Property;

c. The Sponsor has no enforceable secured or unsecured claim against the Property;

d. The Depositor has no enforceable secured or unsecured claim against the Property;

e. The Mortgage Originator has no enforceable secured or unsecured claim against the Property;

## SECOND CAUSE OF ACTION

1. For Compensatory Damages in an amount $50,000

2. For Special Damages in an amount $50,000

3. For General Damages in an amount $50,000

4. For Punitive Damages in the amount $200,000

## THIRD CAUSE OF ACTION

1. For Compensatory Damages in an amount $50,000

2. For Special Damages in an amount $50,000

3. For General Damages in an amount $50,000

4. For Punitive Damages in the amount $200,000

## FOURTH CAUSE OF ACTION

1. For Compensatory Damages in an amount $50,000

2. For Special Damages in an amount $50,000

3. For General Damages in an amount $50,000

4 .For Punitive Damages in the amount $200,000

## FIFTH CAUSE OF ACTION

1. For Compensatory Damages in an amount $50,000

2. For Special Damages in an amount $50,000

3. For General Damages in an amount $50,000

4. For Punitive Damages in the amount $200,000

      *WHEREFORE THE PLAINTIFF WILLIAMS AND HIS DEBTORS (PLAINTIFFS AND THIRD-PARTY PLAINTIFFS) pray for and order enjoining the dispossession, the transfer, disposal or sale of Plaintiff Williams and his Debtors properties until further order of this court and/or an Order staying any lower court action, judgment/order of eviction or writ or order to eviction,* grant *Plaintiff Williams and his Debtors continued possession and for an award or Judgment in an amount of no less than twice the $450,000.00 appraised value of Plaintiff Williams and his Debtors properties as to Plaintiff Williams and his Debtors (Plaintiffs and Third-Party Plaintiffs) in general damages, from each defendant; and an additional award of punitive and/or exemplary damages from each Defendant in an amount of $450,000.00 or as the court or jury shall deem to be fair and just at the time of trial of this cause of action, Plaintiff Williams and his Debtors (Plaintiffs and Third-Party Plaintiffs) respectfully demands this Honorable Court uphold well-settled American Law and Jurisprudence and apply such authority to the specific facts which have been established herein, and Render a Judgment for Damages and Judgment for "Quiet Title" in favor of Plaintiff Williams and his Debtors (Plaintiffs and Third-Party Plaintiffs) against all "named" Defendants, and "all persons unknown" now or hereafter before this Honorable Court as of the date of filing this Amended Complaint as to Plaintiff Williams and/or Debtors (Plaintiffs and Third-Party Plaintiffs) from and against each defendant, plus interest, cost and attorney fees as allowed by law. Plaintiff Williams and his Debtors (Plaintiffs and Third-Party Plaintiffs) reserves the right to amend this complaint at a future date.*

Respectfully Submitted,

Dated this 17th day of March 2017

/s/Otis the III of the Williams family
/s/Gregory Simmons
/s/Ernest Cornelius
/s/ Audrey Arthur
/s/ Lawson Love
/s/ Maurice Valentine