UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Otis Williams, III,

    Plaintiff,

v.                                Case No. 17-10637

John Van Camp, *et al.*,           Honorable Sean F. Cox

    Defendants.
_____/

## **ORDER OF SUMMARY DISMISSAL**

Acting *pro se*, Otis Williams III ("Williams") filed this action on February 28, 2017. Indigent litigants may request a waiver of filing fees under 28 U.S.C. § 1915. Along with Williams's complaint, on February 28, 2017, he filed an application to allow him to proceed *in forma pauperis* (without prepayment of the required filing fee). (Docket Entry No. 2).

This action was originally assigned to the Honorable Linda V. Parker, who granted Williams's application to proceed *in forma pauperis* in an order issued on February 28, 2017.

On March 24, 2017, Williams filed an Amended Complaint. (Docket Entry No. 5). Thereafter, on April 5, 2017, Judge Parker disqualified herself from this action and the action was randomly reassigned to the undersigned. (Docket Entry No. 6).

Because Williams is proceeding *in forma pauperis*, the applicable statute requires this Court to dismiss this case, at any time, if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(b)(2) ("the court shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted."). In addition, even where a plaintiff has paid the filing fee, "a district court may, at any time, *sua sponte*

dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous" or devoid of merit. *Apple v. Glenn*, 183 F.3d. 477, 479 (6th Cir. 1999).

Although this Court is mindful that *pro se* complaints must be liberally construed, even when so construed, Williams's complaint fails to state a claim upon which relief may be granted to him.

Williams's original complaint identified Williams as the only Plaintiff in this action, and the complaint was signed by Williams alone. (Docket Entry No. 1 at Pg ID 2 and 55).

On March 24, 2017, Williams filed an Amended Complaint, which replaced his original complaint and is now the operative complaint in this action. The Amended Complaint is also signed by Williams alone. Williams expressly acknowledges that he is proceeding *pro se* (ie., that he is not an attorney) yet Williams purports to represent numerous other individuals in this action. The Amended Complaint names numerous Defendants, along with 1-100 unidentified "john doe" individual defendants and 1-100 unidentified "john doe" corporate defendants.

Williams's Amended Complaint seeks to prevent the foreclosure of various mortgages, secured by real property. While the Amended Complaint purports to include five state-law claims ("Lack of Standing to Foreclose," "Fraud in the Concealment," "Fraud in the Inducement," "Intentional Infliction of Emotional Distress," and "Slander of Title"), all of those claims are related to the underlying mortgages – none of which is alleged to be a mortgage agreement to which Williams himself is a party.

It is well established that a party in federal court must proceed either through licensed

counsel or on his or her own behalf. *See* U.S.C. § 1654; *see also* Fed. R. Civ. P. 11(a) ("[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party."). No *pro se* plaintiff may sign pleadings, or initiate a civil action, on behalf of another person. *Sheperd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002). Where a person attempts to proceed *pro se* on behalf of another, the appropriate remedy is dismissal. *Id.; see also Jackson v. Caldwell,* 2009 WL 4042917 (E.D. Mich. 2009).

Accordingly, the Court hereby DISMISSES WITHOUT PREJUDICE any claims that Williams purports to bring on behalf of others in this action. Williams may only assert claims in this action on his *own behalf*.

For the most part, Williams's Amended Complaint consists of an incoherent stream of words and legal phrases. Even with a liberal reading of the allegations in the Amended Complaint, this Court is unable to discern any cognizable claim brought on Williams's own behalf. Accordingly, the Court ORDERS that Williams's own claims are DISMISSED for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(1).

In addition, this Court also lacks subject jurisdiction over this action. The Amended Complaint asserts only state-law claims and reflects that diversity jurisdiction does not exist, as Williams indicates he is a citizen of Michigan and has named Defendants that are also citizens of Michigan,[1] along with 200 unidentified "john doe" defendants, whose citizenship is not specified. The action is therefore DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

---

[1]*See* Amended Complaint at Pg ID 73.

Finally, the Court notes that two documents titled "Notice of Removal" (Docket Entry Nos. 7 & 8) were filed on the docket in this action on April 10, 2017, by persons other than Williams. Those "Notices of Removal," signed by Gregory Simmons and Ernest Cornelius, purport to remove two landlord tenant cases from the 36th District Court in Detroit, Michigan, *into this existing civil* action filed by Williams.

Upon initial review by the Court under its screening function under § 1915, and under its obligations under the removal statute, the Court concludes those Notices of Removal were improperly filed in this case. This is because a case cannot be removed from state court to become part of an already existing federal case. *See, e.g., Gilliam v. Austin*, 2002 WL 1034115 at *4 (N.D. Cal. May 13, 2002); *Galvan v. Nationstar Mortgage*, 2014 WL 644320 at *1 (D. Nev. 2014); *Putnam, Inc. v. R.E.F.S. Inc*., 2012 WL 3288241 (E.D. Cal. 2012); *Iqbal v. Afzai,* 2010 WL 934065 (N.D. Cal. 2010). In a proper removal, "the notice of removal is the means of removing a case from state court to federal district court, where it is viewed as a 'new' case and is assigned a 'new' case number." *Gilliam, supra*, at *4.[2]

Accordingly, for all of these reasons, the Court hereby **STRIKES** those Notices of Removal (Docket Entry Nos. 7 & 8).

This is a final order and **CLOSES** this action.

---

[2]Moreover, the docket reflects that neither Simmons nor Cornelius paid a filing fee for the purported removals, even though such a fee is explicitly required for removal actions. 28 U.S.C. § 1914(a); *see also* Fee Schedule for United States District Court, Eastern District of Michigan, showing $400.00 civil case filing fee for notices of removal, at www.mied.uscourts.gov.

4

**IT IS SO ORDERED.**

Dated: April 20, 2017
                                                      s/Sean F. Cox
                                                      Sean F. Cox
                                                      U. S. District Judge

I hereby certify that on April 20, 2017, the foregoing document was served on counsel of record via electronic means and upon Otis Williams, III via First Class mail at the address below:

Otis Williams, III
611 O'Keefe Ave.
New Orleans, LA 70113

                                                                               s/J. McCoy
                                                                               Case Manager